DUFRESNE, Judge.
This is an appeal by Elizabeth Scully, plaintiff-appellant, from a judgment in a jury trial apportioning 45% of the negligence to her in a parking lot accident wherein she was run over by a backing motorist. Because we find that the decision of the jury was manifestly erroneous in not finding the defendant motorist 100% at fault, we amend the judgment to so read.
The undisputed facts are these. On the night of the accident, Scully and Tom Lan-thripp, an acquaintance, had just left a lounge, and were walking through an adjacent parking lot. Scully was walking faster than Lanthripp, and was some 12 to 15 feet ahead of him as they proceeded. Scully testified that she saw two people pass in front of her and get into a car parked in the lot. She further stated that she passed the car and felt that she was safely out of the way if the car backed up.
Amy Gautreaux, the driver, testified that she did not see Scully in the parking lot when she walked to her car. She further stated that she looked to the rear before backing up and still did not see Scully. Vickey Ferrar, the passenger, likewise testified that she never saw Scully in the lot and also looked through the rear glass before the car moved and did not see Scully then either.
Gautreaux further testified that she backed up about 20 feet, and did not feel any bump against her car. At that point, Lanthripp, who had witnessed Scully disappear suddenly behind the car, ran to the driver’s side of the vehicle and signaled Gautreaux not to move the car forward. Gautreaux stated that she had already started forward before realizing what Lan-thripp was signaling and felt a bump at that time. Further evidence showed that Scully had been knocked down from behind and her hips had been rolled over at least once by one of the rear wheels.
On this showing, the jury assessed 55% of the fault to Gautreaux, and 45% to Scully. Scully now appeals alleging that the jury committed manifest error in apportioning any fault to her in this incident.
The controlling statute in this case is La.R.S. 32:281(A) which states:
The driver of a vehicle shall not back same unless such movement can be made with reasonable safety and without interfering with other traffic.
Our courts have repeatedly held that the duty of a backing motorist is one of great care and attention, Signorelli v. Jones, 483 So.2d 672 (La.App. 5th Cir.1986). Our Supreme Court has further stated that backing a vehicle without knowing whether it can be done safely is gross negligence. Turner v. New Orleans Public Service, Inc., 476 So.2d 800 (La.1985). It also stated in the above case that if the driver of the backing vehicle could reasonably have avoided the accident, he is responsible for injuries caused when he strikes a pedestrian in his path (at 802). It is also well established that a motorist has a duty to maintain reasonable vigilance or to see what he should have seen by the exercise of due diligence, Signorelli v. Jones, supra.
Applying these principles to the present facts we conclude that the defendant, Amy Gautreaux, was 100% at fault in causing the accident. We have no reason to doubt the defendant’s testimony that she did not see the plaintiff. However, it is equally clear that she was not maintaining due vigilance. If she had been, she would certainly have seen the plaintiff in the time it took her to back her vehicle 20 feet. Similarly, had she been taking proper care while backing, she could reasonably have avoided the accident.
In regard to the actions of the plaintiff, her testimony was that she thought she was far enough past the car to be out of danger, and apparently stopped watching it. Defendant testified that she backed up some 20 feet. There is no question in this court’s mind that at that distance, plaintiff *224 was acting reasonably in assuming that she was out of danger. We therefore conclude that plaintiff was not at all negligent in this accident.
Accordingly, the judgment of the trial court is amended to cast Amy Gautreaux 100% at fault with no fault assessed against the plaintiff, Elizabeth Scully.
Because of our decision here, we further rule that all costs of trial and of this appeal are to be borne by defendants-appellees.
AMENDED, AND AS AMENDED, AFFIRMED.