538 So.2d 1051 (1989)
Chaz WARD
v.
SCHWEGMANN GIANT SUPER MARKETS, INC.
No. 88-CA-1552.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1989.
*1052 Blue, Williams, Buckley, George R. Blue, Jr., Metairie, for defendant-appellant.
Lawrence J. McGrath, II, New Orleans, for plaintiff-appellee.
Before BYRNES, LOBRANO and WARD, JJ.
BYRNES, Judge.
Schwegmann Giant Super Markets, Inc. (Schwegmann) appeals a judgment finding it at fault in an automobile/truck collision. We affirm.
Trial testimony indicates that on December 6, 1986, at approximately 4:00 p.m., Chaz Ward stopped his 1976 Oldsmobile at the stop sign on Dorgenois Street where it intersects with Bienville Street in New Orleans, Louisiana. Ward observed that an eighteen wheel trailor truck driven by Schwegmann employee, Benny Lewis, was backing from Bienville Street into the Schwegmann parking lot loading dock located near the corner of Bienville and Dorgenois. The trial court concluded that Ward turned right onto Bienville. After turning, he stopped his vehicle. Lewis manuevered the truck's cab into a position where the left front bumper of the tractor's cab hit Ward's vehicle on the right front bumper on the passenger side. The trial court held Schwegmann liable for $4,920.75, minus one-third that amount for the comparative negligence of plaintiff.
On appeal, Schwegmann claims that the trial court erred in not finding Chaz Ward completely at fault in causing his own accident by putting himself in a perilous position.
Louisiana R.S. 32:281(A) states:
The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic.
The duty of a backing motorist is one of great care and attention. Scully v. Gautreaux, 514 So.2d 222 (La.App. 5th Cir. 1987); Signorelli v. Jones, 483 So.2d 672 (La.App. 5th Cir.1986). Backing a vehicle without knowing whether it can be done safely is grossly negligent. Turner v. New Orleans Public Service, Inc., 476 So.2d 800 (La.1985). The duty of a backing motorist is to insure that the backing maneuver can be accomplished without interfering with other vehicles. Schackai v. Tenneco Oil Co., 436 So.2d 729 (La.App. 4th Cir.1983), writ denied, 440 So.2d 759 (La. 1983).
Lewis testified that, just before impact, he was looking out the rear view mirror on the right side of the tractor. The trial court concluded that Lewis could have seen Ward's vehicle if he had looked out the left mirror. Because Ward had placed his vehicle in a position of peril and should have been aware to some extent that the truck was backing in a dangerous position, the trial court found that Ward was one-third comparatively negligent.
Findings as to fault are factual and should be upheld on appeal unless clearly wrong. Garrett v. Celino, 489 So.2d 335 (La.App. 4th Cir.1986). We cannot find that the trial Court was clearly wrong in concluding that Schwegmann's employee was two-thirds negligent in causing the accident.
We decline to rule on Ward's claim that he was not comparatively negligent because Ward's failing to appeal or file an answer to appeal precludes this Court's consideration of any issue subsequently asserted in brief. La.C.C.P. 2133; Hospital Corporation of America v. Robinson, 499 So.2d 246 (La.App. 1st Cir.1986). A brief *1053 submitted by appellee does not satisfy the requirements of La.C.C.P. 2133. Arrow Fence Company, Inc. v. DeFrancesch, 466 So.2d 631 (La.App. 5th Cir.1985), writ denied, 468 So.2d 575 (La.1985).
For the foregoing reasons, we affirm the judgment of trial court. Costs are assessed equally between the parties.
AFFIRMED.