681 So.2d 46 (1996)
Buddy HUNDLEY and Flo Hundley, Plaintiffs-Appellants,
v.
HARPER TRUCK LINE, INC., et al., Defendants-Appellees.
No. 28613-CA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1996.
*47 J. Michael Rhymes, Monroe, for Plaintiffs-Appellants.
Howard B. Gist III, George C. Gaiennie, Alexandria, for Defendants-Appellees, Harper Truck Line, Inc. and Ranger Insurance Company.
C. Joseph Roberts III, Mike C. Sanders, Monroe, for Intervenor, Transportation Insurance Company.
Before NORRIS, WILLIAMS and CARAWAY, JJ.
WILLIAMS, Judge.
In this personal injury action, the plaintiffs, Buddy and Flo Hundley, filed suit against the defendants, Harper Truck Line, Inc. and its insurer, Ranger Insurance Company, Inc., for injuries sustained by Buddy Hundley ("Hundley"), in a pedestrian/automobile accident. Plaintiffs appeal the jury verdict assigning Buddy Hundley 50% at fault in causing the accident which resulted in his injuries. For the following reasons, we affirm.

FACTS
The plaintiff, Buddy Hundley, was employed by Burns International Security Service and was working as a security guard at the Manville plant in West Monroe. On October 8, 1990, at approximately 7:00 p.m., a truck without a trailer entered the premises and stopped in front of the guardhouse *48 where the plaintiff was seated. The truck was owned by defendant, Harper Truck Line, Inc., and was being driven by its employee, Herbert Newsom. At the time of the accident, Newsom had indicated the loading dock he wanted and had stopped the truck. The plaintiff had waved for him to enter the plant. The truck proceeded approximately five feet and stopped again. While the truck was stopped, the plaintiff noticed that another tractor-trailer was approaching the gate to leave the premises. The plaintiff then stepped out of the guardhouse and walked along the sidewalk toward the front of the defendant's truck. Plaintiff testified that he observed Newsom in the truck, but was unable to make eye contact with him because of a light shining from behind the truck cab.
According to the plaintiff, he held up his left hand as a signal to Newsom not to proceed. As plaintiff stepped from the curb into the street, the truck suddenly lurched forward, striking the plaintiff and knocking him toward the sidewalk. As a result of the accident, plaintiff received injuries to his left wrist, shoulder and hip. Plaintiff drove himself to the hospital for medical treatment. Plaintiff Hundley and his wife later filed this action for damages against the defendants, Newsom, Harper Truck Line, Inc. and its insurer, Ranger Insurance Company.[1]
After a trial, the jury rendered a verdict finding that the defendants were liable for plaintiffs' damages and that Hundley was 50% at fault in causing the accident. The jury awarded Hundley $20,000 for past and future medical expenses, $3,200 for lost earnings and $35,000 for pain and suffering. Flo Hundley was awarded $5,000 for loss of society. The amounts awarded were reduced in proportion to the fault assessed. The plaintiffs appeal.

DISCUSSION
The plaintiffs argue the trial court erred in assessing Hundley 50% of the fault in causing the accident. They contend that the driver of defendant's truck had an obligation to avoid pedestrians and should have seen Hundley attempting to cross the road.
A pedestrian has a statutory duty to yield to traffic in the absence of a marked crosswalk. LSA-R.S. 32:213 A; Bennett v. State Dept. of Transp. & Development, 503 So.2d 1022 (La.App. 2d Cir.), writ denied, 505 So.2d 58 (La.1987). A pedestrian must also exercise reasonable care to avoid leaving a curb or other place of safety beside the roadway and walking into the path of a vehicle. LSA-R.S. 32:212 B; Donavan v. Jones, 26,883 (La.App. 2d Cir. 6/21/95), 658 So.2d 755; Bacle v. Wade, 607 So.2d 927 (La.App. 2d Cir.1992). The motorist is also held to statutory duties. Every driver must exercise due care to avoid colliding with any pedestrian upon any roadway. LSA-R.S. 32:214; Bacle v. Wade, supra; Bennett v. State DOTD, supra.
When a motor vehicle strikes a pedestrian, the case is properly governed by comparative fault principles. LSA-C.C. Art. 2323; Bennett v. State DOTD, supra. Several factors are considered in comparing the relative fault of the parties, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985).
A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Stobart v. State Dept. of Transp. & Development, 617 So.2d 880 (La.1993); Rosell *49 v. ESCO, 549 So.2d 840 (La.1989). The allocation of fault is also a factual determination subject to the manifest error rule. Donavan v. Jones, supra.
In the present case, the driver, Newsom, was required to exercise due care to watch for and avoid any pedestrian on the roadway. However, the pedestrian, Hundley also had a duty to yield to the truck in the roadway because the area was not marked with a crosswalk. The jury found that Newsom and Hundley were equally at fault. The plaintiffs contend that Hundley's fault could not have reasonably been assessed at more than five percent.
Applying the factors set forth in Watson v. State Farm Fire and Casualty Insurance Co., supra, we note that both the driver and Hundley were aware of the risks posed by truck and pedestrian traffic in the area. Hundley's conduct involved significant risk because he stepped into the path of the truck without knowing whether the driver had seen him or was capable of seeing him. Although Hundley was performing his job at the time of the accident, his security duties did not require that he walk in front of the entering trucks. Despite Hundley's explanation that he thought the driver may have wanted information, when Hundley approached the truck, he was unable to establish eye contact with the driver and did not attempt to get his attention by either rapping on the passenger door or by some other means.
Under the circumstances, the jury could have reasonably concluded that Hundley was in a superior position to avoid the danger. He was standing on the sidewalk, a position of relative safety, and he could have chosen the alternative of crossing the roadway from behind the truck. Hundley asserts that he walked far enough ahead of the truck to enable the driver to observe him. However, his testimony at trial indicates that Hundley was quite close to the truck, since it struck him as it lurched forward from a complete stop, and Hundley did not have time to react and get out of the way. Hundley's proximity to the truck, together with the height of the cab, could have shielded him from the driver's view. Hundley did not point to any extenuating circumstances requiring him to hastily proceed into the path of the truck, without proper thought of the danger.
Here, the jury heard the testimony and weighed the reciprocal duties owed by both motorists and pedestrians. Both parties offered competing theories regarding their respective fault in causing the accident. After reviewing the entire record, we cannot say the jury's allocation of equal fault to Hundley and the defendant was manifestly erroneous. Therefore, we will not disturb the result.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed one-half to the appellants, Buddy and Flo Hundley and one-half to the appellees, Harper Truck Line, Inc. and Ranger Insurance Company.
AFFIRMED.
NOTES
[1] The defendant/driver, Herbert Newsom, died prior to trial and was subsequently dismissed from the suit. Transportation Insurance Company intervened in the suit to recover worker's compensation benefits paid to Buddy Hundley on behalf of Burns International Security Service. Hundley and intervenor settled prior to trial.