718 So.2d 650 (1998)
Ralph L. ENDSLEY, Jr., et ux., Plaintiff-Appellant,
v.
Daniel R. PENNINGTON, et al., Defendant-Appellee.
No. 31027-CA.
Court of Appeal of Louisiana, Second Circuit.
September 29, 1998.
*651 Theus, Grisham, Davis & Leigh by J. Michael Hart, Monroe, for Appellant.
Hudson, Potts & Bernstein by Jan Peter Christiansen, Monroe, for Appellee.
Before NORRIS, WILLIAMS and PEATROSS, JJ.
WILLIAMS, Judge.
The plaintiffs, Ralph Endsley, Jr., and his wife, Olivia Endsley, appeal the jury's verdict assessing Ralph Endsley with 20% fault in causing an automobile accident, and 80% fault to the defendants, Daniel Pennington, his employer, General Motors Acceptance Corporation (GMAC) and National Union Fire Insurance Company ("National Union"). The plaintiffs also appeal the trial court's partial granting of a judgment notwithstanding the verdict (JNOV), which reduced the jury's award for plaintiff's future medical expenses from $45,000 to $25,000, and set aside the penalty award of $25,000 against National Union. For the following reasons, *652 both the original judgment and the JNOV are affirmed in part and reversed in part.

FACTS
In August 1994, the plaintiff, Ralph Endsley, Jr., delivered his automobile to the Cooper Buick dealership in Monroe, Louisiana, to have it repainted. The plaintiff then walked out to a parking area adjacent to the dealership to be picked up by his son-in-law, Simeon Strickland. While waiting, plaintiff was struck by a vehicle driven by Daniel Pennington, who was backing out of a parking space. Pennington was an employee of GMAC and was in the course and scope of his employment at the time of the accident. The plaintiff sought medical treatment for injuries to both knees and to his lower back. He later underwent two surgical procedures to his left knee.
Subsequently, the plaintiffs filed an action for damages against the defendants, Pennington, GMAC and the insurer, National Union. After a trial, the jury found that Pennington was 80% at fault for the accident and that plaintiff was 20% at fault. The jury awarded damages of $182,300, including $17,300 for past medical expenses, $45,000 for future medical costs, $94,000 for past and future pain and suffering, and $26,000 for loss of future earning capacity. The jury also awarded $20,000 to Olivia Endsley for loss of consortium and assessed $25,000 in penalties against National Union for failure to adjust the claim fairly and promptly.
The defendants filed a motion for JNOV, contending that the jury erred in its awards for future medical expenses, loss of future earning capacity and statutory penalties. The trial court partially granted the motion, reducing the future medical expense award to $25,000 and deleting the penalty award. Plaintiffs appeal the trial court's judgment granting the JNOV and the allocation of fault.

DISCUSSION
The plaintiffs contend the trial court erred in assessing Ralph Endsley with 20% of the fault in causing the accident. They argue that 100% of the fault should be allocated to the driver because he failed to notice Endsley standing behind the vehicle.
A motorist shall not back or move a vehicle which is parked unless such movement can be made with reasonable safety. LSA-R.S. 32:103, 32:281. A pedestrian owes a duty of reasonable care, such as would be exercised by a prudent person under similar circumstances. Matthews v. Ferrer, 95-0266 (La.App. 4th Cir. 11/30/95), 665 So.2d 1211.
When a motor vehicle strikes a pedestrian, the case is properly governed by comparative fault principles. LSA-C.C. art. 2323; Hundley v. Harper Truck Line, 28,613 (La.App. 2d Cir.9/25/96), 681 So.2d 46. Several factors are considered in comparing the relative fault of the parties, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, either superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Watson v. State Farm Fire and Casualty Ins. Co., 469 So.2d 967 (La. 1985).
An appellate court may not set aside a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Stobart, supra. The allocation of fault is also a factual determination subject to the manifest error rule. Hundley, supra.
Here, the jury heard the plaintiff testify that after dropping off his automobile at the dealership, he was standing at the corner of the building near the service area driveway. However, plaintiff moved from this position and walked out to the parking area to stand behind several parked automobiles. Plaintiff described the area as noisy and congested with traffic. Despite this knowledge, he chose to stand in the busy parking lot and then turned his attention away from *653 the parked vehicles to look at a truck across the street.
Applying the factors set forth in Watson, we note that both the driver and plaintiff were aware of the risks posed by vehicle and pedestrian traffic in the parking area. The plaintiff's conduct involved potential risk because he walked into a crowded parking lot without paying attention to the movement of vehicles nearby. He was not performing any significant action, but was simply waiting.
In their brief, plaintiffs cite Scully v. Gautreaux, 514 So.2d 222 (La.App. 5th Cir.1987) to support the argument that Endsley was not at fault. In Scully, the driver did not see the pedestrian in a parking lot and struck the person after reversing for a distance of twenty feet. The court found that the driver was 100% at fault in causing the accident because at that distance, the plaintiff was reasonable in thinking she was safe. However, the factual situation in Scully can be distinguished from that of the present case. Here, trial testimony indicated that plaintiff was standing at a closer distance to the vehicle, since he was struck almost immediately after the automobile began moving backward. Thus, plaintiff could be expected to have a greater awareness of the vehicle.
The record contains evidence to support a finding by the jury that plaintiff was not completely without fault. Obviously, the jury felt that plaintiff's admitted inattentiveness was a factor in causing this accident. Plaintiff had been standing near the building, a position of relative safety, but chose to walk over to the busy parking lot. Although the plaintiff's act of standing in the parking lot was not negligent in and of itself, plaintiff acknowledged that he was looking away from the parked automobiles at the time and did not hear the sound of defendant's vehicle starting. In addition, plaintiff conceded that he was completely unaware of the vehicle until he was struck.
The jury heard the testimony, evaluated the credibility of the witnesses and weighed the reciprocal duties owed by both motorists and pedestrians. Considering all of the foregoing circumstances, the jury could have reasonably concluded that plaintiff was not without fault in this accident. Consequently, we cannot say that the jury's allocation of 20% fault to the plaintiff was manifestly erroneous. The assignment of error lacks merit.

Damages
The plaintiffs contend the trial court erred in partially granting the defendants' motion for a JNOV. Plaintiffs argue that the evidence produced at trial supports the jury's award of $45,000 for future medical expenses.
A motion for JNOV is properly granted only when the facts and inferences point so strongly in favor of one party that the court believes reasonable persons could not reach a contrary verdict. However, if there is evidence of such quality and weight that reasonable persons exercising impartial judgment might reach different conclusions, the motion should be denied. Anderson v. New Orleans Public Service, Inc., 583 So.2d 829 (La.1991).
An award for future medical expenses is in great measure highly speculative and is not susceptible of calculation with mathematical precision. Nevertheless, an award for future medical expenses will not be made in the absence of medical testimony that they are indicated and setting out their probable cost. Carter v. Brookshire Grocery Co., 29,166 (La.App. 2d Cir.2/26/97), 690 So.2d 933. A plaintiff must show that the medical expenses will more probably than not be incurred. Carter, supra.
Dr. Myron Bailey, an orthopedist, was plaintiff's primary treating physician. Dr. Bailey testified that plaintiff's injuries resulting from the accident aggravated preexisting degenerative conditions in his knees and lower back. Dr. Bailey opined that plaintiff would need to have his left knee resurfaced in the next five to ten years, and that the probable cost of such surgery would be $14,000.
In reducing the jury's award for future medical costs, the trial court found that the evidence did not prove that the plaintiff would need surgery of his right knee and back. However, Dr. Bailey expressed his belief that plaintiff would need arthroscopic surgery of the right knee. Dr. Bailey's testimony established that conservative treatment of plaintiff's knees and lower back *654 would be necessary in the future. Such treatment would include up to three epidural steroid injections annually if plaintiff's back pain persisted. Dr. Bailey estimated that each epidural injection would cost approximately $1,500. In addition, medical bills introduced into evidence show that the cost of chiropractic care was $33 per visit.
Based upon the foregoing expert testimony and the medical evidence contained in the record, the jury could have reasonably determined that plaintiff would need surface replacement of the left knee, arthroscopic surgery of his right knee, and that plaintiff's pain symptoms would continue over a period of years requiring conservative treatment, including epidural steroid injections, physical therapy, pain medication and chiropractic care. Consequently, we must find that the trial court erred in concluding that reasonable jurors, in the exercise of impartial judgment, could not have awarded the amount of $45,000 for future medical expenses. Therefore, the JNOV was improperly granted and we reverse the trial court's reduction of the amount awarded for future medical costs.

Statutory Penalties
The plaintiffs contend the trial court erred in vacating the jury's award of $25,000 in penalties against National Union. Plaintiffs argue that the insurer failed to fairly and promptly resolve their claim.
Pursuant to LSA-R.S. 22:1220(A), an insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. An insurer breaches this duty if it knowingly performs any of the following acts: (1) misrepresenting pertinent facts or policy provisions relating to coverages, (2) failing to pay a settlement reduced to writing within 30 days, (3) denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without the insured's consent, (4) misleading a claimant as to the applicable prescriptive period, and (5) failing to pay any claim due an insured within sixty days after receipt of proof of loss from the claimant when such failure is arbitrary or without probable cause. LSA-R.S. 22:1220(B). Although R.S. 22:1220 provides a right of action to both insureds and third party claimants, only the commission of one of the specific acts enumerated in LSA-R.S. 22:1220(B) can support a private action for violation of the statute. Theriot v. Midland Risk, 95-2895 (La.5/20/97), 694 So.2d 184; Smith v. Midland Risk, 29,793 (La.App. 2d Cir.9/24/97), 699 So.2d 1192.
In the present case, the plaintiffs failed to establish that National Union committed any of the specific acts listed in Section 22:1220(B). Thus, the record does not contain a reasonable basis for the jury's assessment of statutory penalties against the insurer. Accordingly, the trial court did not err in granting the JNOV to set aside the jury's award of $25,000 in penalties. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, that part of the trial court's judgment granting the JNOV to vacate the jury's award of statutory penalties against National Union is affirmed, and the JNOV is otherwise reversed. In all other respects, we reinstate and affirm the original judgment rendered in this matter, including the allocation of 20% fault to the plaintiff and the award of $45,000 for the plaintiff's future medical expenses. Costs of this appeal are assessed one-half to the appellants, Ralph and Olivia Endsley, and one-half to the appellees, Daniel Pennington, National Union Fire Insurance Company and General Motors Acceptance Corporation.
JNOV AFFIRMED IN PART AND REVERSED IN PART; ORIGINAL JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.