742 So.2d 739 (1999)
Lesa S. PETRUS, Plaintiff-Appellant,
v.
BAIN and USAA Insurance Company, Defendant-Appellee.
No. 32,231-CA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1999.
*741 James L. Fortson, Shreveport, Counsel for Appellant.
Klotz, Simmons & Reeks, By Harry D. Simmons, Shreveport, Counsel for Appellee.
Before WILLIAMS, GASKINS and KOSTELKA, JJ.
WILLIAMS, Judge.
In this personal injury action arising from an automobile accident, the plaintiff, Lesa Petrus, appeals the jury's allocation of fault and award of damages. The jury found plaintiff and defendant, Jeanne Bain, each 50% at fault in causing the accident and awarded total damages of $76,442, an amount which was reduced in the judgment to $38,221, reflecting the apportionment of fault. For the following reasons, we amend and affirm as amended.

FACTS
On March 18, 1994, at approximately 8 a.m., Lesa Petrus was driving north on Line Avenue in Shreveport, Louisiana. According to Petrus, as she approached her workplace, City Bank and Trust, she activated the right turn signal and slowed her vehicle to enter the bank parking lot. While Petrus was turning, her vehicle was struck from the rear by an automobile driven by Jeanne Bain. As a result of the impact, Petrus was physically injured and her vehicle was damaged.
Shreveport Police Officer Brian Wheeler investigated the accident scene. Officer Wheeler later testified that he inspected the Petrus vehicle's turn signal indicator, which functioned properly. Officer Wheeler stated that he was told by Bain that she "did not see a blinker." The police officer opined that the accident occurred because Bain was following too closely and was unable to react to avoid a collision.
*742 Following the accident, Petrus was transported by ambulance to the Highland Hospital emergency room, where she was examined and then released. Petrus was eventually diagnosed with fibromyalgia, a condition involving chronic pain and fatigue symptoms. Subsequently, the plaintiff, Lesa Petrus, filed a petition for damages against the defendants, Jeanne Bain and her insurer, United Services Automobile Association (USAA).
At trial, Ron Boudreaux, the president of City Bank, testified that he saw the accident and observed that plaintiff's right directional signal was flashing when the collision occurred. Another witness of the accident, Rose Middleton, testified by deposition that the right turn signal on plaintiff's vehicle was operating prior to the accident. Bain testified that she could not avoid the accident because the plaintiff's vehicle slowed suddenly without displaying a turn signal or brake lights.
After a trial, the jury found the defendant and plaintiff each fifty percent (50%) at fault in causing the accident. The jury awarded plaintiff $20,442 for past medical expenses, $5,000 for future medical expenses and $1,000 for lost wages. The jury also awarded general damages of $50,000. The district court judgment reduced the amount of damages by the percentage of plaintiff's fault, resulting in a total award of $38,221, with legal interest from the date of judicial demand. The plaintiff appeals the judgment.

DISCUSSION

Liability
The plaintiff contends the trial court erred in assessing each driver with equal fault in causing the accident. Plaintiff argues that Bain was completely at fault for the accident because she was following too closely and was inattentive.
A court of appeal should not set aside a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Stobart v. State Dept. of Transp. & Development, 617 So.2d 880 (La.1993). The task of a reviewing court is to assess whether the fact finder's resolution of conflicting evidence was reasonable in light of the record as a whole. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511.
Louisiana law requires a motorist not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic conditions. LSA-R.S. 32:81; Chambers v. Graybiel, 25,840 (La.App.2d Cir.6/22/94), 639 So.2d 361. When a following vehicle rear-ends a preceding automobile, the following driver is presumed at fault and must prove a lack of fault to avoid liability. He may do so by establishing that his vehicle was under control, that he closely observed the leading vehicle and followed at a safe distance under the circumstances. Chambers v. Graybiel, supra. When a motorist intends to make a right or left turn from the highway on which his vehicle is traveling, he shall give a signal of such intention. LSA-R.S. 32:104.
Pursuant to Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985), the trier of fact will compare the relative fault of the parties in the assessment of liability. The law of comparative negligence is applicable to situations involving automobile accidents. Ortigo v. Merritt, 488 So.2d 1051 (La.App. 2d Cir.1986). The allocation of fault is a factual determination subject to the manifest error rule. Hundley v. Harper Truck Line, Inc., 28,613 (La.App.2d Cir.9/25/96), 681 So.2d 46.
In the present case, as the following motorist, Bain was required to rebut the presumption of her fault in causing the *743 accident. However, Bain failed to present evidence that she was following at a safe distance under the circumstances. Even if the jury believed Bain's statement that the plaintiff did not use a turn signal or apply her brakes before turning, the record does not provide a reasonable factual basis for the conclusion that the parties were equally at fault.
This was not a situation where the plaintiffs automobile suddenly cut in front of Bain's vehicle and stopped abruptly to turn. The testimony indicates that both vehicles were traveling in the same lane of traffic for some distance. The weather was clear and Bain did not state that her view of the road or of plaintiffs vehicle was obstructed. To the contrary, Bain's testimony indicates that she observed plaintiffs vehicle slowing, but failed to promptly apply her own brakes in response. Bain's failure to apply her brakes is further shown by the lack of tire skid marks at the scene and by the force of the impact, which bent the frame of the plaintiffs vehicle.
Apparently, the jury chose to believe Bain's testimony that the plaintiff did not utilize a turn signal. We do not find this conclusion clearly wrong. Although a signal by plaintiff would have provided a greater warning that a turn was imminent, the evidence that Bain failed to brake in a timely fashion demonstrates that she was following too closely to react when the plaintiffs vehicle slowed. Thus, Bain failed to rebut the presumption of her fault with evidence that she adequately observed the leading vehicle and maintained a safe distance. Consequently, the jury was clearly wrong in allocating equal fault to Bain and the plaintiff.
While we agree with the jury that plaintiff was partially at fault in causing the accident, based on this record we conclude that the proportion of fault that the jury could reasonably assess to plaintiff is 20%. This allocation is supported by the case of Cockerham v. U.S. Fidelity & Guaranty Co., 559 So.2d 527 (La.App. 2d Cir.1990), in which this court affirmed an assessment of 20% fault to the driver of a trailer truck, which did not have proper lighting when struck from behind by a following vehicle. Accordingly, the judgment will be amended to allocate 80% fault to Bain in causing the accident.

Physical Pain and Suffering Damage Award
The plaintiff contends the trial court erred in awarding inadequate damages. Plaintiff argues that the jury abused its discretion in declining to award any amount for loss of earning capacity and in awarding abusively low amounts for past and future physical pain and mental anguish.
General damages are those that may not be fixed with pecuniary exactitude. Such damages involve mental or physical pain and suffering, inconvenience, the loss of physical enjoyment, or other losses of lifestyle that cannot be definitively measured in monetary terms. Caldwell v. Smith, 25,956 (La.App.2d Cir.8/17/94), 641 So.2d 1011. In appellate review of general damages, the initial inquiry is whether the award for the particular injuries and their effects under the circumstances on the particular injured person is a clear abuse of the fact finder's broad discretion. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993).
In determining whether the trier of fact abused its discretion in making an inadequate award, the evidence must be viewed in the light most favorable to the defendant. Caldwell, supra. Only after a review of the record discloses an abuse of discretion may the appellate court determine that the award is either excessive or insufficient. Once it has been determined that the district court has abused its discretion, the reviewing court may raise an award to the lowest point which is reasonably within the discretion of the trial court. Caldwell, supra.
*744 In the present case, Dr. Thomas Kinstrey, the plaintiffs family doctor, testified that he examined plaintiff after the accident and that his findings were consistent with lumbar strain. Dr. Kinstrey stated that he observed persistent muscle spasms in plaintiffs back and that he prescribed narcotic pain medication and an anti-inflammatory for plaintiffs complaints of continuing back pain.
Dr. Thomas Pressly, a board certified rheumatologist, first saw plaintiff in September 1995 with complaints of pain in her lower back, neck and shoulders. Dr. Pressly testified that plaintiffs pain was located in multiple "tender points," including areas on the outside of the elbows and behind the knees, and that he diagnosed plaintiff as having fibromyalgia. Although Dr. Pressly opined that the plaintiffs bromyalgia began after her accident, he stated that he had never "completely related" plaintiffs pain to that incident and that the persistence of her pain could be caused by several factors. Dr. Pressly testified that he could not make the determination that absent the accident, plaintiff would not have developed fibromyalgia. Nor could he estimate the length of time required for plaintiff to become free of pain.
Dr. Austin Gleason, an orthopedic surgeon, diagnosed plaintiff with lumbar disc syndrome and fibromyalgia. Dr. Gleason recommended that plaintiff reduce her work schedule to relieve her job-related stress and provide more time for vigorous physical therapy. Dr. Gleason testified that plaintiffs condition had improved with physical therapy and that she had regained a normal range of motion. Dr. Gleason opined that after completion of her physical therapy program of approximately six weeks, followed by at-home exercise, the plaintiff would be physically able to resume a full-time work schedule.
The jury heard the expert witness testimony regarding the duration of the plaintiffs pain symptoms and the likelihood that her condition would improve with physical therapy and continued exercise. Based on the medical evidence in the record, we cannot say the jury abused its discretion in awarding a total of $30,000 for past and future physical pain and suffering and for disability.

Mental Anguish Damage Award
The plaintiff argues that the awards for past and future mental anguish are inadequate. The plaintiff testified that since the accident, she has felt depressed because of the medical bills, the continuing pain and her inability to function at her full capacity.
Dr. Richard Williams, a psychiatrist, diagnosed plaintiff with dysthymic disorder, a "depressive condition" involving low intensity depression which continues for an extended period of time. Dr. Williams testified that there are several factors contributing to plaintiffs depression, including her passive personality, stress at work and new responsibilities associated with getting married and moving from her parents' home. Dr. Williams stated that the automobile accident has been a contributing factor to plaintiff's depression "in her mind," but at times the plaintiff had described herself as doing well.
Dr. Williams reported that plaintiff was taking Prozac, an anti-depressant, and Xanax, an anti-anxiety medication. Dr. Williams opined that the plaintiff's prognosis for an improved emotional and psychological condition was good. In light of the testimony by the medical expert witness and plaintiff concerning her depression and her potential for future improvement, we cannot say the jury abused its discretion in awarding $20,000 for past and future mental anguish. The plaintiffs argument lacks merit.

Loss of Earning Capacity
The plaintiff contends the jury erred in declining to award an amount for loss of earning capacity. Damages may be assessed for the deprivation of what the injured party could have earned despite the fact he may not have taken advantage of that capacity. Because damages for *745 impairment of earning capacity cannot be calculated with certainty, the trial court is accorded great discretion in making such an award. Harris v. Pineset, 499 So.2d 499 (La.App. 2d Cir.1986).
Richard Galloway, Ph.D., a licensed rehabilitation counselor, interviewed plaintiff in July 1996 and in April 1998. Dr. Galloway testified that plaintiff would probably have difficulty competing in the workforce due to her current physical limitations, but agreed that none of the medical reports which he reviewed specified any vocational restrictions. Dr. Galloway opined that plaintiff would have trouble working as a dental hygienist for a 40-hour week, but might be able to perform that job on a part-time basis because it was considered light duty work. However, Dr. Galloway acknowledged that he had not seen Dr. Gleason's report, which stated that after completion of physical therapy, plaintiff should be able to return to full-time work as a bank teller, which was considered a medium duty job.
Melvin Harju, Ph.D., an economist, calculated the present value of plaintiff's potential earning capacity based on several different scenarios, including the possibilities that plaintiff would become a dental hygienist, would obtain an associate's degree, or would remain at the bank. Dr. Harju projected an amount of lost earning capacity on the assumption that plaintiff had been deprived of the opportunity to become a dental hygienist, and another figure assuming the inability to obtain a degree.
However, after hearing the testimony of Dr. Gleason and Dr. Galloway, and the evidence that plaintiff had taken business courses since the accident, the jury could have reasonably concluded that once she completed the physical therapy program, the plaintiff would be able to pursue a degree and eventually work as a hygienist if she desired, and thus plaintiff's earning capacity had not been impaired. Therefore, based upon this record, the jury did not abuse its discretion in refusing to award an amount for loss of earning capacity.

Future Medical Expenses
The plaintiff also contends the jury erred in awarding an inadequate amount for future medical expenses. An award for future medical expenses is not susceptible of calculation with mathematical certainty. However, like any other element of special damages, future medical expenses must be established with some degree of certainty, and a plaintiff must demonstrate that such expenditures will more probably than not be incurred. Caldwell, supra.
As previously noted, Dr. Gleason opined that plaintiff would only need approximately six additional weeks of physical therapy. Dr. Kinstrey and Dr. Williams indicated that plaintiff would continue to require anti-anxiety medication in the near future. However, the testimony also indicated that the plaintiff's depression was not solely related to her accident. Additionally, Dr. Kinstrey did not identify any treatment for plaintiff's pain symptoms other than physical therapy and exercise, which he considered "essential."
The plaintiff testified that to relieve pain, she is currently using ice packs, pillows for her back and a massage machine. Dr. Gleason estimated that plaintiff's medical bills should decrease in the future. Considering the testimony contained in the record as a whole, the jury could have reasoned that if the plaintiff followed through with the recommended physical therapy and exercise, she would relieve her pain, reduce her stress, and thereby decrease her need for anti-anxiety medication and psychiatric visits over time. Therefore, we cannot say the jury's award of $5,000 for future medical expenses was an abuse of discretion. The assignments of error lack merit.

Intervention
On August 26, 1998, Louisiana Health Service & Indemnity Company d/b/a Blue *746 Cross and Blue Shield of Louisiana ("intervenor") was granted leave to intervene by the district court. In its filing with this court, the intervenor contends that its rights were not adjudicated in the trial court and submits that all issues relating to this intervention should be remanded to the district court for disposition.
A third person having an interest therein may intervene in a pending action to enforce a right related to the object of the pending action. LSA-C.C.P. art. 1091. The jurisdiction of the trial court over all matters in the case under review on appeal is divested upon the granting of the order of appeal in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal. LSA-C.C.P. art.2088.
Here, the intervenor seeks reimbursement for medical expenses paid on behalf of the plaintiff. After reviewing the record, we note that the judgment appealed does not mention the intervenor's reimbursement claim. Thus, the claim is not subject to review in this appeal. Because the intervenor's interest was not affected by the appeal, the district court retains jurisdiction over the issue of reimbursement between the parties and remand is not necessary.

CONCLUSION
For the foregoing reasons, the district court's judgment is amended to assess 80% fault in causing the accident to defendant, Jeanne Bain, and 20% fault to the plaintiff, Lesa Petrus, but is otherwise affirmed. Judgment is rendered in favor of plaintiff for $61,154, representing 80% of her damages. Costs of this appeal are assessed one-half to the appellant, Lesa Petrus, and one-half to the appellees, Jeanne Bain and United Services Automobile Association.
AMENDED AND AFFIRMED AS AMENDED.