__[iWILLIAMS, Judge.
In this personal injury action, the plaintiff, Rosie McNeil, appeals a judgment in favor of the defendants, John Aronstein and State Farm Mutual Automobile Insurance Company (“State Farm”). The trial court dismissed the plaintiffs claims, finding that she had failed to satisfy her burden of proving that the defendant was at fault in causing the accident. For the following reasons, we affirm the judgment.
FACTS
On December 10, 1995, the plaintiff, Rosie McNeil, exited from Interstate 20 onto Spring Street in Shreveport, Louisiana, and proceeded to drive north in the fourth, or farthest right, lane of traffic. At approximately the same time, the defendant, John Aronstein, was driving north in the third lane of Spring Street, which widens from two to four lanes at the intersection with Lake Street. The two motorists gave differing accounts of the cause of the accident.
According to plaintiff, as she was driving her 1985 Ford LTD through the intersection, the defendant’s vehicle suddenly swerved into her lane of travel and struck the driver’s side of her automobile. The force of the impact knocked plaintiffs vehicle toward the right and off of the road. She crashed into a telephone pole and fire hydrant at the northeast corner of the intersection.
In contrast, the defendant stated that as he was driving northbound in the third lane of Spring Street, the plaintiffs vehicle suddenly appeared in his lane, colliding with his van on the front passenger side. He did not have time to react and was unable to avoid the collision. Defendant’s van came to a rest a short distance away along the right side of the roadway.
David Ortiz was a passenger in a vehicle which was located behind the defendant and traveling in the same direction. Ortiz stated that he did not personally know either driver involved in the accident. Ortiz reported that as he |2approached the intersection, he observed a vehicle suddenly move across the road from the right-hand side and hit the defendant’s van.
After the accident, plaintiff was transported by ambulance to the LSU Medical Center emergency room, where she was treated for injuries to her neck, left shoulder, left arm and both hands. Subsequently, the plaintiff filed a petition for damages against the defendants, John Ar-onstein and his insurer, State Farm.
Following a trial, the district court found that plaintiff failed to prove by a preponderance of evidence that John Aronstein was at fault in causing the accident, and rendered judgment in favor of the defendants. The plaintiff appeals the judgment.
DISCUSSION
A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. To reverse a fact finder’s determination, the appellate court must conclude that a reasonable factual basis for the finding of the trial court does not exist in the record. Stobart v. State Dept. of Transp. & Development, 617 So.2d 880 (La.1993). The task of a reviewing court is to assess whether the fact finder’s resolution of conflicting evidence was reasonable in light of the entire record. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511.
Pursuant to Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985), the trier of fact will compare the relative fault of the parties in the *449 The law of com-assessment of liability, parative negligence is applicable to situations involving automobile accidents. Ortigo v. Merritt, 488 So.2d 1051 (La.App. 2d Cir.1986). The allocation of fault is a factual determination subject to the ^manifest error rule. Hundley v. Harper Truck Line, Inc., 28,613 (La.App.2d Cir.9/25/96), 681 So.2d 46.
In the present case, the investigating police officer, Debra Strickland, testified that she completed the accident report, which included a diagram drawn by another officer. The diagram showed that debris from the collision was located in the defendant’s travel lane, indicating the point of impact. Although relying on another’s diagram, Officer Strickland explained that she had approved its inclusion when her report was prepared, because the drawing accurately depicted the location of the debris based on her observations at the scene. Officer Strickland also testified that at the scene, she was told by Ortiz that the plaintiffs vehicle was initially traveling on Lake Street and failed to stop at a red light.
David Ortiz testified that he observed the defendant’s van enter the intersection, and noticed another automobile cross from the right side of the road at a slight angle and collide with the van in its lane of travel. At trial, Ortiz stated that he had not told anyone that plaintiff was traveling on Lake Street and had failed to stop at a red light. When shown the police report attributing such a statement to him, Ortiz explained that he did not remember using those exact words, but may have told the officer that it appeared plaintiff had come from Lake Street. Officer Strickland was recalled to the stand, and stated that she had not recorded verbatim the words of Ortiz and his friend, but had summarized their comments.
The plaintiff testified that after traveling onto Spring Street, she remained in the far right-hand lane until another vehicle struck the left side of her automobile, knocking her from the road and into a telephone pole. Plaintiff stated that she did not see the defendant’s van before the collision. However, plaintiff acknowledged that she had seen a bright light, which could have been a vehicle’s headlights, shining toward her left side shortly before the impact. The presence of such a light |4could indicate that plaintiff was inadvertently crossing into the defendant’s path.
In contrast to the plaintiffs description of the accident, the defendant testified that as he was driving northbound on Spring Street, another vehicle suddenly entered his lane and struck the front passenger side of his van. He stated that the van wobbled slightly upon impact, but continued moving forward for a brief time before it veered to the right edge of the roadway. Defendant testified that he did not know Ortiz or his friend prior to the accident, but that he had asked them if they had seen what happened and whether they would be witnesses.
In her brief, the plaintiff contends that the pattern of scraping damage along the left front panel of her vehicle, and the lifting of the bumper, are conclusive evidence that defendant caused the collision by entering her lane. However, contrary to plaintiffs contention, the photographs of vehicle damage admitted into evidence do not demonstrate more probably than not that defendant caused the accident. Rather, as pointed out by the trial court, the damage to the vehicles appears equally consistent with defendant’s contention that the accident occurred when plaintiffs automobile crossed into his path and caused the collision.
The plaintiff also repeatedly argues that because both vehicles came to rest at the right hand side of the roadway, the defendant must have caused the collision by crossing into plaintiffs lane and striking her vehicle from the left. However, the plaintiff failed to present any specific evidence concerning the relative weight and speed of the vehicles with which to support her argument. Thus, as the trial court *450 noted, the location of the vehicles after the accident is also consistent with the situation where plaintiffs automobile initiated contact, deflected off of the defendant’s van and traveled to the right after impact.
During trial, the plaintiff extensively questioned the defendant and Ortiz about the seeming discrepancies between their descriptions of the accident and various inconsistencies in their deposition and trial testimony. We note that the |sissue of whether the witnesses made inconsistent statements goes to the weight given their testimony by the trial judge. Based upon this record, the trial court was not manifestly erroneous in its determination that Ortiz was an unbiased witness and that his testimony was credible.
The trial court heard the conflicting testimony, weighed the credibility of the witnesses and considered the exhibits introduced into evidence. The parties offered competing theories concerning their respective fault in the causation of the accident.
After reviewing the entire record, we cannot say that the trial court was clearly wrong in declining to allocate fault to the defendant in causing the accident due to the plaintiffs failure to meet her burden of proving defendant’s negligence by a preponderance of the evidence. Therefore, we will not disturb the result. In reaching this conclusion, we pretermit a discussion of plaintiffs argument on the issue of damages.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Rosie McNeil.
AFFIRMED.