I,STEWART, J.
In this tort action, the plaintiff-appellant, Tammy R. Hinton, sued the defendants-appellees, Eugene Cox, Economy Preferred Insurance Company, and St. Paul Fire and Marine Insurance Company, for damages that arose out of a vehicular accident. Plaintiff appeals from a judgment in favor of the defendants in which the trial court ordered that the plaintiffs claims be dismissed with prejudice at her cost. For the following reasons, we affirm.
FACTS
On the morning of February 18, 1997, the plaintiff, Tammy R. Hinton, was involved in an automobile accident with the defendant, Eugene Cox, on Kentucky Street in Monroe, Louisiana. Kentucky Street is a narrow two-lane roadway which runs north and south. The roadway is not divided by a center line. Hinton backed her 1985 Honda Civic out of the driveway located at 109 Kentucky Street into the roadway. At approximately the same time, Cox backed his extended cab F150 pickup truck out of the driveway located across the street at 112 Kentucky Street. The two motorists gave differing accounts of the cause of the accident.
According to Hinton, she was running late for school on the morning of the accident. When she exited her house, she noticed Cox’s vehicle parked across the street and saw him at the front door of the house located across the street. Hinton testified that she put on her seatbelt, put her car into reverse, looked out of her windows, and started to back down her driveway. She further testified that when she reached the edge of the roadway, she checked her mirrors to make sure that no traffic was coming before she pulled out into the roadway. According to Hinton, she backed into the roadway at an angle just over the imaginary centerline into the northbound lane of the roadway because of the narrowness of the roadway. Hinton claims that her car was stopped for possibly a couple of minutes when Cox backed into her. Hinton denies that she backed into the driveway located at 112 Kentucky | ¡.Street, At the time of the impact, Hinton had her car in first gear and denied that her car rolled back when she put it into first gear. Hinton did not see Cox’s *202 vehicle backing down the driveway, nor did she realize that he was attempting to do so. Hinton claims that she was already in the roadway when she observed Cox getting into his vehicle. Hinton admits that there was dew on her windows, but denies that the dew impaired her vision. After the impact, Hinton observed glass in the northbound lane of the roadway and at the edge of the northbound lane of the roadway.
In contrast, Cox testified that he started to back down the driveway and stopped the rear tires of his truck at the edge of the driveway to check for traffic. According to Cox, the bumper of his truck was approximately two feet in the northbound lane of the roadway. Cox further testified that while he was stopped, he did not feel an impact but did hear a noise. Cox admitted that he could not see Hinton in his rear view mirror after the impact. Cox testified that when he exited his truck, he saw that Hinton’s car had hit his bumper. Cox further testified that Hinton had backed straight out of her driveway and had made no attempt to turn. According to Cox, he had turned his truck very slightly. Cox testified that Hinton’s rear window was totally frosted over, and even if it was not frosted over her visibility was nearly zero. Cox did not see Hinton as he was backing up. Cox left the accident scene to take his grandson to school.
Dale Chelette of the Ouachita Parish Sheriffs Office investigated the accident. Chelette testified that he was notified of the accident at 8:21 a.m. When Chelette arrived at the accident scene, only Hinton 'was present. Hinton told Chelette that she had backed out of her driveway and as she was stopped, preparing to move forward, Cox struck the rear of her vehicle.
|3On the day following the accident, Che-lette contacted Cox who told Chelette that he had backed out of the driveway at about the same time that Hinton backed out of her driveway. Cox further stated that he and Hinton had collided in the middle of the roadway. Chelette learned that Cox left the accident scene to take his grandson to school. Based on his discussions with Hinton and Cox, Chelette determined that the accident occurred in the northbound lane of Kentucky Street on the east side of the street. Chelette further determined that the impact occurred approximately in the middle of the roadway. Chelette found debris in the northbound lane on the east side of the roadway and at the end of the driveway located at 112 Kentucky Street.
Patsy King Donald resides at 112 Kentucky Street. On the day following the accident, she found red glass in her driveway at the edge of the roadway, but did not notice any in the roadway.
Patricia Cook, the mother of Rory Donald who resides at 112 Kentucky Street, testified through deposition that she observed glass in her son’s driveway and at the edge of the roadway.
Hinton filed a petition for damages against the defendants, Eugene Cox and his insurers, Economy Preferred Insurance Company and St. Paul Fire and Marine Insurance Company. The trial court found that Hinton failed to prove by a preponderance of evidence that Eugene Cox was at fault in causing the accident, and rendered judgment in favor of the defendants. Hinton appeals the judgment.
DISCUSSION
By assignment of error, the appellant contends that the trial court committed an abuse of discretion by finding that the defendant, Eugene Cox, was free from fault in the automobile accident, which resulted in the damages sustained by the petitioner. A court of appeal may not set aside a trial court’s finding of fact in the | ¿absence of manifest error or unless it is clearly wrong. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. To reverse a fact finder’s *203 determination, the appellate court must conclude that a reasonable factual basis for the finding of the trial court does not exist in the record. Stobart v. State Dept. of Transp. & Development, 617 So.2d 880 (La.1993). The task of a reviewing court is to assess whether the fact finder’s resolution of conflicting evidence was reasonable in light of the entire record. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511.
Pursuant to Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985), the trier of fact will compare the relative fault of the parties in the assessment of liability. The law of comparative negligence is applicable to situations involving automobile accidents. Ortigo v. Merritt, 488 So.2d 1051 (La.App. 2d Cir.1986). The allocation of fault is a factual determination subject to the manifest error rule. Hundley v. Harper Truck Line, Inc., 28,613 (La.App.2d Cir.9/25/96), 681 So.2d 46.
La. R.S. 32:281(A) states that “[t]he driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic.” This duty of care applied to both the plaintiff and the defendant.
In the present case, the investigating officer, Dale Chelette, testified that the debris from the collision was located in the northbound lane on the east side of the roadway and at the end of the driveway located at 112 Kentucky Street.
| sHinton testified that her vehicle was stopped in the roadway at the time of the impact. Hinton admitted that her vehicle was slightly in the northbound lane of the roadway.
In contrast to Hinton’s description of the accident, Cox testified that his vehicle was stopped at the edge of the driveway located at 112 Kentucky Street at the time of impact. He admitted that his rear bumper was approximately two feet in the northbound lane of the roadway at the time of impact.
The trial court heard the conflicting testimony, weighed the credibility of the witnesses and considered the exhibits introduced into evidence. The parties offered competing theories concerning their respective fault in the causation of the accident.
After reviewing the entire record, we cannot say that the trial court was clearly wrong in declining to allocate fault to Cox in causing the accident due to Hinton’s failure to meet her burden of proving Cox’s negligence by a preponderance of the evidence. Therefore, we will not disturb the trial court’s ruling. This assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Tammy R. Hinton.
AFFIRMED.