11 BROWN, J„
The only issue presented in this appeal is whether the jury erred in awarding plaintiff, who injured her knee when she tripped and fell in defendant’s store, future medical expenses in the amount of $15,000. On this question, because of the lack of supporting medical testimony, we are constrained to amend the damage award to delete this amount.

Facts and Procedural Background

On March 30, 1996, plaintiff, Mary Elizabeth Hinton, was shopping at the Wal-Mart in Ruston, Louisiana. On the floor of an aisle was a large crate. Mrs. Hinton walked passed the crate, decided to turn around and as she turned, tripped over the crate and fell, sustaining a non-displaced fracture of her left patella (knee cap). Mrs. Hinton filed suit against Wal-Mart Stores, Inc., seeking redress for her injury. Her husband, Delaney Hinton, asserted a loss of consortium claim.
Trial was held March 29-31,1999. The jury found Wal-Mart to be 75% at fault and Mrs. Hinton to be 25% at fault. The jury awarded Mrs. Hinton general damages in the amount of $10,000; past medical expenses in the amount of $1,329; lost wages in the amount of $1,500; and future medical expenses in the amount of $15,000. The jury declined to award Mr. Hinton damages for lost consortium. A judgment in accordance with the jury’s findings was signed on April 22, 1999. Wal-Mart appealed the award of future medicals.

Discussion

An award for future medical expenses is in large part speculative. Even so, it must be established with some degree of certainty. Endsley v. Pennington, 31,027 (La.App.2d Cir.09/29/98), 718 So.2d 650; O’Riley v. City of Shreveport, 30,107 (La.App.2d Cir.01/23/98), 706 So.2d 213, writ denied, 98-0752 (La.05/01/98), 718 So.2d 418; Thompson v. Coates, 29,333 (La.App.2d Cir.05/07/97), 694 So.2d 599, writs denied, 97-1442, 97-1521 (La.09/26/97), 701 So.2d 985, 987. An award of future medical expenses requires competent testimony that further treatment is likely and setting forth the probable cost of such treatment. Endsley, supra; Thompson, supra.
At the time of trial, approximately three years after the fall, Mrs. Hinton, *205 who was 63 years old, testified that her knee still swells and locks up. Both Mrs. Hinton’s daughter and husband witnessed these complaints. This evidence, however, directly relates to an award of general damages, which necessarily includes future pain and suffering. Although such continuing problems may indicate to a physician that future medical treatment is needed, in the instant case, there was no such testimony. Dr. Philip Mycoskie, Mrs. Hinton’s treating physician, stated only that Mrs. Hinton would experience soreness with activity and weather changes. Although Dr. Mycoskie expected some arthritic development, he was unable to state that its severity would be such as to require surgical intervention.
Because plaintiffs did not bear their burden of proof on this issue, the jury erred in awarding Mrs. Hinton $15,000 for future medical expenses. We will therefore amend the judgment to delete this award.

Conclusion

For the reasons set forth above, the judgment is amended to delete the award of future medical expenses to Mrs. Hinton. In all other respects, the judgment is affirmed. Costs are assessed to plaintiffs-appellees.