716 So.2d 511 (1998)
Martha FOWLER, et ux., Plaintiffs-Appellees,
v.
WAL-MART STORES, INC., Defendants-Appellants.
No. 30843-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1998.
Barham & Warner by Vickie C. Warner, for Defendants-Appellants.
Rice & Kendig by William F. Kendig, Shreveport, for Plaintiffs-Appellees.
Before NORRIS, BROWN and WILLIAMS, JJ.
NORRIS, Judge.
Wal-Mart Stores, Inc. ("Wal-Mart") appeals a judgment in favor of the plaintiff, Martha Fowler, who was injured in a Wal-Mart store. We affirm.

I.
In January 1995, Fowler and her friend Lou Dunlap went inside a Wal-Mart store located in Shreveport. While at the check *512 out line, Ms. Dunlap noticed that packaged merchandise loaded on a pallet jack[1] was shifting weight and about to turn over near Fowler. She said, "Martha, move." Fowler, then 71 years old, jumped but at least one box of juices, approximately 2' × 18," hit her leg. She related that the box hit her leg causing her to twist her spine and pinning her to a nearby iron rail where shopping carts are stored. However, she was not knocked onto the floor. The cause of the accident was found to be an employee's act of unloading merchandise from the raised pallet before lowering it.
Fowler and her husband Walter filed suit against Wal-Mart. Fowler alleged that the accident caused injuries to virtually her entire right leg and to her lower back. Walter alleged a loss of consortium because his wife could no longer participate in the extensive traveling that they enjoyed before the accident and because she cannot perform her previous household duties.
After a bench trial, the court rendered judgment in favor of plaintiffs, awarding $25, 000 in general damages, $19, 174.98 in past medical expenses, $2, 500 for loss of consortium, plus court costs. Wal-Mart filed a suspensive appeal alleging that the District Court was plainly wrong to find that Fowler's injury was anything more than a bruised right thigh of short duration and abused its discretion in awarding excessive damages. Liability is not an issue.

II.
The District Court's findings on the factual issue of causation cannot be disturbed unless they are manifestly erroneous. Shaw v. Russell, 26,618 (La.App.2d Cir.3/1/95), 652 So.2d 133. The task of a reviewing court is not to assess whether the District Court's factual findings are right or wrong in an absolute sense, but to ask whether the fact finder's resolution of the conflicting evidence was reasonable, in light of the record as a whole. Mistich v. Volkswagen of Germany, Inc., 95-0939 (La.1/29/96), 666 So.2d 1073. So long as a fact finder's findings are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse even if convinced that had it been sitting as trier of fact, it would have weighed the evidence differently. Holt v. Aetna Cas. & Sur. Co., 28,450 (La.App.2d Cir.9/3/96), 680 So.2d 117, writs denied 96-2515 (La.12/6/96), 684 So.2d 937, 96-2523 (La.12/6/96), 684 So.2d 938. Likewise, it is the responsibility of the fact finder to determine which evidence is more credible where the testimony of expert witnesses differ. Mistich v. Volkswagen of Germany, Inc., supra.
The plaintiff has the burden of proving by a preponderance of the evidence a causal connection between the accident and injuries. Tobin v. Wal-Mart Stores, Inc., 575 So.2d 946 (La.App. 2d Cir.), writ denied 580 So.2d 923 (La.1991). The plaintiff satisfies this burden by proving through medical and lay testimony that it was more probable than not that the injury was caused by the accident. O'Riley v. City of Shreveport, 30,107 (La.App.2d Cir.1/23/98), 706 So.2d 213. A defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct. Hickman v. Exide, Inc., 28,495 (La.App.2d Cir.8/21/96), 679 So.2d 527. When the defendant's negligent action aggravates a preexisting condition, he must compensate the victim for the full extent of the aggravation. O'Riley v. City of Shreveport, supra.

III.
The District Court determined, inter alia, that as a result of the January 1995 accident, Fowler suffered injuries to her thigh, knees, and ankles, as well as a sprain and strain to her lower back. The court also determined that the injury to Fowler's back was superimposed upon preexisting degenerative arthritis of the spine. Finally, the court found she had reached maximum medical improvement by March 1996 but had not returned to her pre-accident condition.
Wal-Mart argues that the District Court committed manifest error in finding that Fowler suffered an injury to her back as a result of the accident. Instead, Wal-Mart *513 submits that the only injury caused by the accident was a contusion to her right thigh from which she fully recovered from by June 1995.
In support, Wal-Mart notes that after the accident, Fowler did not immediately seek medical attention, but instead joined Ms. Dunlap and a Wal-Mart employee for a brief prayer session in the Wal-Mart parking lot before driving herself to her home in Oil City, approximately 25 to 30 miles away. Furthermore, not until two weeks following the accident did Fowler first see a doctor.
Wal-Mart cites the testimony of Dr. Roberts, a family practitioner, who initially treated Fowler after the accident. He testified by deposition that he could detect no bruise on her upper right thigh, and that other than a tenderness in her hamstrings, everything else was normal. However, he provided her with prescriptions for pain relief and a muscle relaxant. He also gave her a shot of an anti-inflammatory in case of residual inflammation because of her tenderness and complaints of a bruise. Dr. Roberts described the injury as minimal and stated she had completely recovered by March 1995, about two months following the accident. Wal-Mart also cites his opinion that she enjoyed socializing with attorneys, doctors, and physical therapists, leading her to focus more upon her symptoms. Although she complained of back pain on the initial visit, the records contain no reference to any back pain until several months later; Wal-Mart suggests that the back pain was not due to the accident or had been fabricated. However, Dr. Roberts stated that Fowler is a very sincere person, denying any suggestion that she would lie or deceive.
Dr. William Fox, an orthopedic surgeon who saw Fowler only once, testified by deposition as an expert for Wal-Mart. He stated that the results of a bone scan taken in May 1995 revealed lumbar spondylosis; however, he could not state whether this was related to the accident or to Fowler's obesity and preexisting arthritis. In any event, the doctor did state that if the January 1995 accident caused a trauma to Fowler, she had recovered from her symptoms by June 1995. Dr. Fox also expressed his opinion that Fowler was honest and sincere.
Dr. Baer I. Rambach, Board Certified in orthopedic surgery, testified as an expert for Fowler by deposition. He was her treating physician from July 1995 through July 1997. He stated that as a result of the Wal-Mart accident Fowler sustained sprains and strains to the lower part of her back, causing an aggravation of preexisting degenerative arthritis in her lumbar and lumbosacral regions. He additionally stated that Fowler sustained severe contusions to both lower extremities involving her right thigh, and both knees and ankles. Based on the history of the accident, Dr. Rambach concluded that Fowler twisted her back in an attempt to avoid being hit by the Wal-Mart boxes. He stated that trauma can cause a preexisting arthritic disease to become symptomatic and thus he related the accident to the injuries. But for her preexisting arthritis, she would have recovered soon after the accident. Dr. Rambach stated that she reached maximum medical improvement in March 1996. However, he stated that Fowler could never return to her pre-accident state and that her continued problems, even as of July 1997, were due to the accident.
Mr. Larry Larsen, a licensed physical therapist, testified as an expert for Fowler by deposition. He stated that he met with her in late July 1995 per Dr. Roberts's prescription. However, the prescription only related physical therapy to the lower extremities, not to the back. Mr. Larsen's notes, as contained in P-7, related a large nodular spasm in the lumbar region to the accident at the Wal-Mart store. He additionally noted a tight right hamstring, swelling of the right knee, and pain and numbness in the ankles. He also stated that Fowler's condition for which he provided treatment from July 1995 to May 1996 was caused by the accident. In addition, he noted that her condition generally improved with each visit which might suggest that she indeed suffered from an injury as opposed to solely a degenerative condition.
The record shows conflicting expert opinions as to the extent and duration of Fowler's personal injury. While Dr. Rambach stated that the accident aggravated a preexisting *514 arthritic condition, Dr. Roberts, whose deposition was taken several months earlier, never specifically addressed the issue. Wal-Mart's orthopedist, Dr. Fox, was unable to dismiss the accident as a cause of Fowler's condition while Mr. Larsen identified the accident as the direct cause of the Fowler's injuries, including her lower back, knees, and ankles.
After a thorough review of the entire record, we hold that the extent and duration of the injury, as found by the District Court, is not plainly wrong. The finding is reasonable and will be affirmed. Because we affirm the finding of causation and injury, we do not consider the quantum to be abusive. Wal-Mart's argument is premised on the claim that Fowler's only injury was a bruised knee that recovered in five months. In light of the full extent of her injuries as related by Fowler, Dr. Rambach, and Mr. Larsen, the general damages are not excessive.

IV.
For the aforementioned reasons, the judgment of the District Court is affirmed. Costs of this appeal are assessed to the appellant, Wal-Mart Stores Inc.
AFFIRMED.
NOTES
[1] A portable platform for handling, storing, or moving materials and packages (as in warehouses, factories, or vehicles). Merriam Webster's Collegiate Dictionary 837 (10th ed.1994).