737 So.2d 153 (1999)
Arlise WRIGHT, Plaintiff-Appellee,
v.
WAL-MART STORES, INC., Defendant-Appellant.
No. 31,764-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1999.
*154 Vickie C. Warner, Nancy R. Nawas, Shreveport, Counsel for Appellant.
Bobby L. Culpepper, Jonesboro, Counsel for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
WILLIAMS, Judge.
The defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), appeals a judgment in favor of the plaintiff, Arlise Wright. The district *155 court found that the totality of the circumstances supported an inference that the defendant's negligence created a hazardous condition which caused plaintiff's injuries. We affirm.

FACTS
On November 6, 1994, Arlise Wright was shopping in a Wal-Mart Super store in Ruston, Louisiana, accompanied by her three adult children and one adult grandchild. The group walked to the bakery department for doughnuts. According to Wright, after she opened the door of the doughnut display case, a tray fell from the rack and struck her head. Following the incident, a Wal-Mart employee, Michael Ranes, was called to the area and he prepared an accident report. Ranes testified at trial that he did not see a tray or any doughnuts on the floor. After the report was completed, Wright was taken to the Lincoln General Hospital emergency room, where she was examined. Wright complained of pain and a tender scalp, but medical personnel did not report any indication of bruises or swelling. Wright later testified that after the accident, her head was sore for two weeks and that she has experienced recurring headaches since her injury.
Subsequently, the plaintiff, Arlise Wright, filed a petition for damages against defendant, Wal-Mart Stores, Inc. After a trial, the district court rendered judgment in favor of plaintiff, finding that the doughnut tray was not inserted securely into the display rack and that this condition created an unreasonable risk of harm. The court awarded plaintiff $1,500 in general damages. The defendant appeals the judgment.

DISCUSSION
The defendant contends the trial court erred in finding the store liable for plaintiffs injuries. Defendant argues that the plaintiff failed to establish that a hazardous condition existed on the premises.
A merchant owes a duty to persons who use his premises to exercise reasonable care to keep the premises free of any hazardous conditions which reasonably might give rise to damage. LSA-R.S. 9:2800.6. A plaintiff who is injured by falling merchandise must prove that a hazardous condition existed on the merchant's premises, and may do so with circumstantial evidence. Once a plaintiff shows that a hazard existed, the burden shifts to the defendant to demonstrate that it used reasonable care to avoid such hazards. Edwards v. K & B Inc., 26,002 (La.App.2d Cir.8/17/94), 641 So.2d 1040.
The task of a reviewing court is to assess whether the fact finder's resolution of conflicting evidence was reasonable in light of the record as a whole. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511. If a trial court's findings are reasonable when the record is reviewed in its entirety, then the appellate court may not reverse. Fowler, supra.
Here, the plaintiff, her three children and her grandchild testified that after plaintiff opened the display case door, a doughnut tray fell down from the rack and struck her head. Their testimony indicated that neither plaintiff nor any other customer touched the tray before it fell.
Michael Ranes, who was the co-director of the store at the time of the accident, testified that when the trays are loaded into the display rack, they are held in place by a raised lip along the front of the shelf. Ranes acknowledged that if a tray was improperly placed on top of the shelf lip, so that the tray rested against the door, the tray could slide out when the door was opened.
In its brief, the defendant asserts that all of the Wal-Mart employees testified that an improperly placed tray would fall immediately, so that if plaintiff had opened the door and then taken a napkin before being struck, as she stated in her deposition, *156 the tray must have been inserted properly. Contrary to defendant's assertion, none of the employees testified that a tray would necessarily fall immediately when the display door was opened. In fact, Hal Harwell, the current store manager, testified that a misplaced tray would not fall until the door was opened to its widest extent. Thus, the plaintiffs testimony concerning the timing of the tray's fall is consistent with an inference that the tray was not placed securely into the display rack at the time of the accident.
The record contains evidence that a tray would not ordinarily fall from the display rack when the door was opened unless improperly placed on the shelf. Plaintiff presented testimony that after she opened the display door, a doughnut tray fell from the rack and struck her head. Based on the witness testimony, the trial court could reasonably find that plaintiff proved the existence of a hazardous condition creating an unreasonable risk of harm, which caused her injury. Thus, defendant was required to rebut this presumption of negligence by showing that it exercised reasonable care to avoid the hazard.
The defendant contends the evidence shows that it exercised reasonable care. Wal-Mart employees testified that the one-inch lip along the edge of the display shelves is designed to hold the pastry trays in place. The workers stated that they were not aware of any previous instance when a tray had fallen out of the display case. Beverly Page, who worked as a baker at the time of the accident, testified that bakery employees were trained to place the trays so that they were gripped by the raised shelf edge. Page also stated that her duties included cleaning the area in front of the display case and that she would have noticed an improperly placed tray because it would have been lodged against the door.
However, Page acknowledged that she could "only assume" that the tray which struck the plaintiff had been properly placed on the shelf based on the usual procedure followed by employees and customer use of the display case that day. Further, Page admitted that she had not checked the particular rack used by the plaintiff that day, and was unable to specify at what time an employee would have last checked the area in front of the display case prior to the accident.
The trial court heard the testimony and weighed the credibility of the witnesses. Based on this record, the trial court could reasonably find that the doughnut tray which struck the plaintiff was not inserted securely into the display rack prior to the accident, a situation creating an unreasonable risk of harm to customers. In addition, the evidence shows that after placing the trays in the display rack, other than checking the area in front of the display case for cleanliness and product appearance, the employees did not specifically check that the trays were properly secured. Consequently, we cannot say the trial court was clearly wrong in finding that the defendant failed to rebut the inference of negligence and is thus liable for the plaintiffs injuries resulting from the accident. The assignment of error lacks merit.

General Damages
The defendant contends the trial court's award of $1,500 in general damages is an abuse of its discretion. Defendant argues that a damage award of $200 would adequately compensate plaintiff.
General damages are those that may not be fixed with pecuniary exactitude. Such damages involve mental or physical pain or suffering, inconvenience, the loss of physical enjoyment, or other losses of life or lifestyle that cannot be definitively measured in monetary terms. Caldwell v. Smith, 25,956 (La.App.2d Cir.8/17/94), 641 So.2d 1011. In appellate review of general damages, the initial inquiry is whether the award for the particular injuries and their effects under the circumstances on the particular injured person is a clear abuse of the fact finder's *157 broad discretion. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). Only after a review of the record discloses an abuse of discretion may the appellate court determine that the award is either excessive or insufficient. Caldwell, supra.
Here, the evidence shows that shortly after the accident, plaintiff was brought to the Lincoln General Hospital emergency room, where she was examined. In its written reasons for judgment, the trial court noted that the medical report introduced into evidence diagnosed the plaintiff's condition as acute cephalalgia. The plaintiff testified that her head felt sore for approximately two weeks following the accident, that she continues to experience recurring headaches and that she takes Tylenol for pain relief. Plaintiff and her children testified that she had not experienced such periodic headaches prior to the accident. The plaintiff did not seek any further medical treatment after her initial visit to the emergency room.
After reviewing the record, we cannot say the trial court was clearly wrong in finding that the plaintiffs head injury and subsequent complaints of pain were the result of the November 1994 accident. In light of the duration of plaintiff's recurring headaches, which demonstrate that she has not returned to her pre-accident condition, we conclude that the trial court did not abuse its discretion in awarding to this seventy-year-old plaintiff $1,500 in general damages, with legal interest thereon from the date of judicial demand. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the district court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Wal-Mart Stores, Inc.
AFFIRMED.