JjKLEES, Chief Judge.
This is an appeal from a suit for damages arising out of an automobile accident on Highway # 11 in Plaquemines Parish. On December 20, 1994, plaintiff, Martha Buras, filed suit against Man Neip Man, his insurer, Progressive American Insurance Company and State Farm Mutual Automobile Insurance Company (“State Farm”) as her uninsured/underinsured motorist carrier. Subsequently, Progressive American Insurance Company paid its policy limits of $10,000 in return for a dismissal of Man Neip Man and Progressive American Insurance Company from the lawsuit. On May 21, 1996, State Farm paid the sum of $2,000 of its $100,000/$300, 000 underinsured motorist policy. State Farm appeals the trial court’s award of $50,000 in general damages in favor of plaintiff for her personal injuries. For the following reasons, we affirm as amended.
On February 12,1994, plaintiff was rear-ended by a pickup truck, driven by Man Neip Man, as she was preparing to make a left turn into a parking lot. Following the accident, plaintiff was seen at the emergency room and the Plaquemines Parish Comprehensive Care, with complaints of neck and back pain. Subsequent to the emergency room visit, plaintiff was not seen by any doctor until | .>March 21, 1994, five weeks following the accident’.[1] The medical records from the March 21, 1994 visit failed to reflect any objective findings of post-accident injury. Specifically, the records indicate that plaintiff had “full range of motion of her neck” that “she has no tenderness, no spasm” that she “has full range of motion of her lumbar spine” and that her “upper extremities and reflex muscle testing was all normal.” Plaintiff was again treated by Dr. Whitecloud, or one of his residents, on April 25, 1994 and July 25, 1994. The medical records state that on 4/25/94 “[t]he physical exam is essentially unchanged and negative.” Further, the July ’94 clinic note states that “she has made a pretty good recovery and said that her pain is very mild at this point *843 in time.” Thereafter, plaintiff was not treated again until February of 1995— seven months following her last medical visit.
The case was tried before a judge on February 2, 1998. In a judgment dated April 23, 1998, the trial judge awarded plaintiff $50,000 dollars subject to a credit of $10,000 dollars paid by Progressive American Insurance Company, together with legal interest thereon from date of judicial demand until paid and for all costs of the proceedings and further subject to a credit of $2,000 dollars in favor of State Farm. There were no Reasons for Judgment rendered by the trial court. On May 5, 1998, the trial judge denied defendant’s Motion for New Trial or for Remittitur. State Farm appeals this final judgment.
The scope of appellate review of damage awards is limited. See Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). A Court of Appeal can only disturb an award made by the trial court when the record clearly reveals that the trier of fact abused its discretion in making its award. Id. A reviewing court can | .^disturb the award “only to the extent of lowering it (or raising it) to the highest (or lowest) amount which is reasonable within the discretion afforded that court.” Id. at 335.
State Farm argues that the medical evidence fails to support a general award of $50,000.00. Specifically, State Farm argues that the medical evidence supports at most a four-to-five month soft tissue injury after which she returned to her pre-acci-dent status of living with a cervical degenerative disk disease. State Farm’s argument has merit.
At trial, medical testimony consisted of the depositions of Dr. Thomas Whitecloud and Dr. Robert Steiner. Also called as witnesses were Martha Tartar, plaintiff; Denman Tartar, plaintiffs husband; Gene Olds, plaintiffs niece; and Fonda Perlan-der, plaintiffs employee.
Dr. Whitecloud testified that he did not really specifically recall plaintiff as well as he recalled other patients. He stated that his testimony “about her condition would therefore be based upon the notes and the diagnostic workup” that he had before him. Dr. Whitecloud testified that he diagnosed plaintiff with a degenerative disk disease in the summer of 1992 but that, according to his records, there was a 16-month hiatus between treatment by any medical provider and plaintiffs visit to the emergency room following the 1994 accident. Nonetheless, Dr. Whitecloud opined that the accident was the cause of the onset of plaintiffs neck and back pain and that plaintiff sustained a cervical sprain overlying a cervical degenerative disk disease. Notably, Dr. Whitecloud testified that he did not order an MRI of the cervical spine for the plaintiff in the fall of 1997. However, plaintiff submitted into evidence two prescription orders for MRI’s, 14written on Dr. Whiteeloud’s prescription pad, for September and November of 1997.
Dr. Steiner, a physician employed by State Farm, rendered his medical opinion based upon a clinical examination of plaintiff and Dr. Whitecloud’s records from the Tulane University Medical Center. Dr. Steiner agreed with Dr. Whitecloud that plaintiff suffered from a cervical strain as a result of the accident and that she had “reached pre-injury status by July of 1994.” However, Dr. Steiner testified that “plaintiff may not have had any aggravation at all. And the only way anybody is going to give an opinion about that is from what she says, because there’s no proof that she sustained any permanent injury.” Further, Dr. Steiner testified that if the records are wrong or incomplete, then his opinion is based upon the wrong information or being influenced by the wrong information.
Balanced against the opinions of Drs. Whitecloud and Steiner was the testimony of plaintiff, her family and employee. Plaintiff testified that prior to the accident, she had no significant pain. She testified *844 that she would walk three miles a day on the treadmill while using free weights, that she would work regularly, and that it had been sixteen months since she had last been seen by an orthopedist. Plaintiffs husband and niece testified that from 1992 until the accident, plaintiff was not in pain, she was not taking any medications, and that she was active in her work and in her exercising program. Subsequent to the accident, all three of the witnesses testified that plaintiff suffered from severe pain, that she had numbness and tingling in her arms, and that she could not continue her exercise regime. Further, Ms. Perlander, an employee of plaintiffs, testified that as a result of the accident, plaintiff suffers almost everyday with migraine headaches and that she [.fiias problems with her arms. Specifically, Ms. Perlander testified that plaintiff “has weakness and tingling sensations and she has pain in her arms.”
In the instant case, State Farm does not dispute that plaintiff suffered a soft tissue injury from the accident. Instead, State Farm argues that the lasting side effects suffered by plaintiff are not related to the 1994 accident, but are related to her preexisting condition of cervical degenerative disk disease. Because plaintiff did not have any back, neck, and arm pain for the sixteen months prior to the instant accident, we feel that plaintiffs own observations, as well as those of her family and employee, are as relevant as the opinions of the physicians. Under these particular facts, we find that the issue of causation is not necessarily contingent upon expert medical testimony and that the trial court did not err in considering other circumstantial evidence of causation.
However, we find that there is no objective evidence in the record of a back injury; only that the plaintiff suffered a four-to five-month soft tissue strain overlying a cervical degenerative disk disease. Plaintiff was only treated for four to five months and, during that time, plaintiffs treatment was very irregular (only three visits in five month period). Further, after the treatment period, plaintiff did not experience any disability. Because plaintiff failed to prove anything more than a soft tissue strain, the award of $50,000 was a clear abuse of discretion. To determine the proper amount to be awarded, we have reviewed the particular facts of this case as applied to this particular plaintiff as well as reviewed the damage awards in similar cases including the following: Fowler v. Wal-Mart Stores, 30,843 (La.App. 2 Cir. 8/19/98); 716 So.2d 511, $25,-000 for complaints of lower back sprain, aggravation of pre-existing degenerative spinal arthritis with residual problems; Wood v. Toys “R” Us, Inc., 28,667 (La.App. 2 Cir. 9/25/96); 681 So.2d |fi49, $32,-500 for a six month soft tissue, disc, and neck injury with a degenerative spinal condition; Kilpatrick v. Alliance Cas. Reinsurance, 95-17 (La.App. 3 Cir. 7/5/95); 663 So.2d 62, $20,000 for an aggravation of degenerative cervical condition with residual pain; Gray v. Louisiana Downs, 585 So.2d 1238 (La.App. 2 Cir.1991), $20,000 for an aggravation of a lower back condition. Based upon our review of these particular facts and the jurisprudence, we conclude that the maximum plaintiff should be awarded is $30,000.
For the reasons discussed, the judgment of the district court is reduced from $50,-000 to $30,000.
AFFIRMED AS AMENDED.

. Plaintiff was treated by Dr. Whitecloud, an orthopedic surgeon, on March 21, 1994. Following the February accident, Dr. Whitecloud treated plaintiff three times during a five-month period.