UCHEHARPY, Judge.
In this personal injury action, the trial court ruled in favor of defendants after trial, finding them free from liability. Plaintiff has appealed. For the following reasons, we affirm.
On or about June 28, 1997, plaintiff, Cora B. Jupiter, was shopping at a store in Jefferson Parish owned and operated by defendant, Family Dollar Stores of Louisiana, Inc. (hereafter, Dollar).[1] Plaintiff alleges that as she was walking down one of the aisles, a folding ladder, which had been folded and leaned up against the end of a shoe rack by a Dollar employee, fell and struck her on the back of the left foot, causing injuries. Plaintiff further alleges that the placement of the ladder constituted a hazardous condition pursuant to La. R.S. 9:2800.6, and that therefore, Dollar is liable for her injuries.
The matter proceeded to a bench trial on November 10, 1998. Two witnesses testified: the plaintiff, Cora Jupiter, and Dolores Dantin, the Dollar employee who had used the ladder just prior to the accident. Admitted into evidence were three photographs of a folding ladder and a report and bill from Dr. Ed Wood, who saw the plaintiff on five occasions and diagnosed a left ankle and left foot sprain. Dr. Wood’s bill totaled $660.00.
Ms. Dantin testified that she is the Dollar store manager, and that on the day of the accident, she was using a three foot aluminum folding ladder to stock shoes on the shelves. Ms. Dantin also testified that she folded the ladder and leaned it against the end of a free standing shoe rack, then went to the next aisle to stock some other merchandise. She further testified that while she was in the next aisle, she heard another woman scream, “Watch out,” Land then heard the ladder fall.[2] Ms. Dantin went to where the ladder fell and was told by the plaintiff that the ladder had hit her left heel.
Ms. Dantin also testified that prior to leaning the ladder against the shoe rack, she folded it closed (to prevent children from climbing up on it) and made sure that *1067 it was secure.[3] Ms. Dantin further testified that she uses ladders all day to stock shelves and that she was going to use the ladder again to stock other shoes on that aisle.
The plaintiff, Ms. Jupiter, testified that she did not see the ladder leaning against the rack as she walked past it in the aisle. She testified that she heard a woman behind her scream for her to watch out and then felt the ladder hit her heel. Plaintiff further testified that she did not cause the ladder to fall and that the woman who screamed as the ladder was falling was too far behind her to have caused it to fall.[4] The only discrepancy between the testimony of Ms. Dantin and the plaintiff was that the plaintiff testified that the ladder was between five and six feet tall, while Ms. Dantin testified that it was a three foot step ladder.
On November 12, 1998, the trial court rendered judgment, finding that “the evidence did not establish the ladder to be a premise hazard, nor were there grounds for any inference that the Defendant caused the ladder to fall and injure the plaintiff.” The trial court therefore found in favor of the defendants and dismissed plaintiffs action at her cost. Plaintiff has appealed, asserting that the trial court erred by failing to find that the ladder constituted a hazardous condition.
Pursuant to La. R.S. 9:2800.6, a merchant owes a duty to persons who use its premises to exercise reasonable care to keep the premises free of any hazardous conditions which reasonably might give rise to damage. A plaintiff who is injured by falling merchandise must prove that a hazardous condition existed on the merchant’s premises, and may do so with circumstantial evidence. Once a plaintiff shows that a hazard existed, the | ¿burden shifts to the defendant to demonstrate that it used reasonable care to avoid such hazards. Edwards v. K & B, Inc., 26,002 (La.App. 2 Cir.8/17/94), 641 So.2d 1040, 1045.
A trial court’s findings on the factual issue of causation cannot be disturbed unless they are manifestly erroneous. The task of a reviewing court is to assess whether the fact finder’s resolution of conflicting evidence was reasonable in light of the record as a whole. If a trial court’s findings are reasonable when the record is reviewed in its entirety, then the appellate court may not reverse. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App. 2 Cir.8/19/98), 716 So.2d 511, 512.
In this matter, Ms. Dantin testified that she made sure that the ladder was secure prior to walking to the next aisle to stock other merchandise. Plaintiff claims that neither she nor the unidentified woman behind her caused the ladder to fall, and that therefore, the ladder was improperly placed by Ms. Dantin and constituted a hazardous condition.
In its reasons for judgment, the trial court found Ms. Dantin to be a more credible witness than the plaintiff, and found that the ladder was as Ms. Dantin described it (i.e., it was three feet in length, not five or six). The trial court also found that the only reasonable inference was that the accident was caused by “the plaintiff or the unidentified woman walking behind the plaintiff by brushing against the ladder and causing it to fall.”
In finding in favor of Dollar, the trial court determined that Ms. Dantin acted in a reasonably prudent manner and properly secured the ladder against the shelf. After a thorough review of the entire record, we find that the trial court’s findings are reasonable and not manifestly erroneous. *1068 Therefore, the judgment of the trial court is hereby affirmed.
AFFIRMED.

. Both Dollar and its insurer, Travelers Property Casualty Insurance Company, are named defendants herein.

. Ms. Dantin did not see the ladder fall, or what caused it to fall.

. Ms. Dantin explained that the ladder has rubber feet on it which prevent it from sliding.

. The woman who screamed was not identified and therefore did not testify at trial.