hWILLIAMS, Judge.
The' defendants, Joe B. Bradley and American International South Insurance Company (“American”), appeal a judgment in favor of the plaintiff, Woodrow Jenkins. The trial court awarded damages, penalties and attorney fees to plaintiff, finding that the. insurer’s failure to pay the plaintiffs reasonable transportation expenses was arbitrary. For the following reasons, we affirm.
FACTS
On April 5, 1997, Woodrow Jenkins was driving his 1985 Ford pickup truck on Lea Joyner Road in Monroe, Louisiana. As Jenkins was traveling through the intersection at Layton Street, Joe Bradley failed to obey a stop sign and collided with Jenkins’ vehicle. As a result of the accident, Jenkins was physically injured and his truck was damaged.
American arranged an appraisal of the damaged truck, declared the vehicle a total loss and offered to pay Jenkins $1,223.50 to settle his property damage claim on the condition that he deliver a copy of the truck’s title to the insurer. The plaintiff, Woodrow Jenkins, refused the offer and filed a petition for damages against the defendants, Joe Bradley and his insurer, American. While waiting for the repair of his truck, Jenkins drove a rental vehicle for five months. In August 1997, the plaintiff borrowed money to have his truck repaired for a cost of $1,631.84. At the time of trial, the parties stipulated that defendants were liable for causing the accident.
Following a trial, the district court rendered judgment in favor of the plaintiff, awarding $8,500 in general damages, $1,655 in medical expenses, $1,631.84 for property damage, and $1,949.75 for rental expense. The court also assessed defendants with a penalty of $1,000 and attorney fees of $1,500. The defendants appeal the property damage award and the assessment of statutory penalties and attorney fees.
I ¿DISCUSSION
The defendants contend the trial court erred in awarding damages for the cost of repairing plaintiffs vehicle because the repair expense of $1,631.84 exceeded the truck’s pre-accident value of $1,625. Defendants argue that the vehicle was a total loss and that the plaintiffs recovery should have been limited to the cash value less the salvage amount.
A court of appeal should not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State Dept. of Transp. & Development, 617 So.2d 880 (La.1993). The task of a reviewing court is to assess whether the fact finder’s resolution of conflicting evidence was reasonable in light of the record as a whole. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511. An automobile is determined to be a total loss when the cost of repairs exceeds its pre-accident value. Snow v. Mid-American Indemnity Co., 557 So.2d 1073 (La.App. 2d Cir.1990).
In the present case, American’s appraiser, Kevin Arnold, testified that he had inspected plaintiffs truck after the accident. - Arnold acknowledged that although the odometer showed 64,000 miles, he had assumed from the vehicle’s general condition and the model year that the truck had been driven 164,000 miles. Arnold stated that ADP, an automobile valuation service, had reported the truck’s pre-accident value as $1,925, and that his deductions for preexisting damage resulted in a net market value of $1,625. Arnold estimated that the repairs would cost $2,886 and opined that the truck was a total loss.
The plaintiff presented testimony that the NADA “blue book” value of his 1985 Ford pickup truck was approximately $3,600 in good condition. Plaintiff testified *631 that the truck’s odometer reading of 64,000 miles reflected the actual mileage driven. The plaintiffs testimony was corroborated by his mechanic, Larry Holtser, who had performed , the maintenance and oil changes for plaintiffs truck 13since its purchase. Holtser testified that he had observed the odometer when servicing the plaintiffs truck, that the vehicle was “not a high mileage truck,” and that he did not believe the truck’s mileage would exceed an approximate figure of 64,000 miles.
The defendants contend the mileage figure of 64,600 miles cannot be accurate because of the plaintiffs purchase of three sets of tires for the truck over a twelve-year period and the number of miles driven by plaintiff in the rental vehicle. In support of their contention, defendants first refer to Holtser’s estimate that a person could drive 30,000 miles before changing tires. However, Holtser also testified that the plaintiff would probably get less mileage because of his predominately local driving, which required frequent turning, and his daily use of the truck with periodic heavy loads.
Defendants next allege that plaintiff drove the rental vehicle over 6,000 miles during five months, based on the testimony of Jerry Rester, owner of the rental agency. However, the evidence shows that the rental document received by plaintiff did not include the vehicle’s odometer reading upon return. Rester acknowledged that this figure was written on the form at a later date by his employee after “someone” telephoned asking about plaintiffs rental mileage. Rester stated that he had not been told of the document’s alteration at the time and that he did not know if the mileage numbers were accurate.
Contrary to the defendants’ assertion, the evidence does not establish that the plaintiffs track had been driven more than 64,600 miles at the time of the accident. In any event, even if the truck’s mileage had been 164,000 miles, the NADA blue book listed the truck’s value as approximately $3,075.
The trial'court heard the conflicting testimony, considered the evidence and weighed the credibility of the witnesses. Based upon this record, the trial court could reasonably have found that the pre-accident market value of the plaintiffs 1¿track exceeded the cost of repair and was not a total loss. Consequently, we cannot say the trial court erred in awarding plaintiff the amount of $1,631.84 as property damages. The assignment of error lacks merit.

Penalties and Attorney Fees

The defendants contend the trial court erred in assessing statutory penalties and attorney fees. The defendants argue that the court’s interpretation of LSA-R.S. 22:658 imposes an obligation on the insurer to make a tender to third party claimants that is not required by the, law.
When a third party claimant makes a property damage claim and as a direct consequence of the insurer’s inaction is deprived of the use of his personal vehicle for more than five working days, the insurer shall pay for reasonable expenses incurred by the third party claimant in obtaining alternative transportation. Failure to make such payment within thirty days after receipt of adequate written proof and demand thereof, when such failure is arbitrary or capricious, shall subject the insurer to a penalty and reasonable attorney fees. LSA-R.S. 22:658(B)(4). A fact finder’s conclusion regarding statutory penalties and attorney fees is partly a factual determination and should not be disturbed unless clearly wrong. LaHaye v. Allstate Ins. Co., 570 So.2d 460. (La.App. 3rd Cir. 1990), writ denied, 575 So.2d 391 (La.1991).
Here, the plaintiffs truck was damaged in the accident of April 5, 1997, and was inoperable. On April 15, 1997, the vehicle was inspected and appraised, by the insurer. Plaintiff was unable to pay for repairs himself, and American did not make a *632 written offer to pay the property damage until May 14, 1997. Thus, the evidence shows that as a direct consequence of the insurer’s inaction, plaintiff was deprived of the use of his vehicle for more than five business days. Consequently, pursuant to the express language of LSA-R.S. 22:658(B)(4), American was required to pay for reasonable expenses incurred by the plaintiff in obtaining | ¡^alternative transportation.
In addition, American acknowledged this duty in its letter to plaintiff of April 11, 1997, which states in paragraph seven that if the insurer determines that the vehicle is a total loss and cannot be driven, “we will reimburse you for your rental expenses up until the time we are able to make an offer to settle your property damage claim.” The plaintiffs written demand for payment and proof of rental expenses was submitted to the insurer by letter dated September 25,1997.
Despite the insurer’s express written representation and its receipt of plaintiffs written demand for payment, American refused to reimburse plaintiff even for those rental expenses incurred between April 12, 1997, the initial rental date, and May 14, 1997, when American offered in writing to settle the property damage claim after having deemed the vehicle a total loss. Thus, the factual situation in the present case can be distinguished from that of the case cited by defendants, Roberts v. Chargois, 98-1073 (La.App. 3rd Cir. 2/24/99), 736 So.2d 910, where the insurer refused to pay rental expenses because the claimant did not answer questions about the identity of the person named in the rental agreement.
In light of these circumstances, we cannot say the trial court was clearly wrong in finding that American’s failure to pay plaintiff any amount of rental expenses constituted arbitrary and capricious conduct. Therefore, the trial court did not err in assessing defendants with a penalty of $1,000 and attorney fees of $1,500. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellants, Joe Bradley and American International South Insurance Company.
AFFIRMED.