I,STEWART, J.
The cases on Reuben M. Crisp, Lindsay Collins, and Tana L. Chambless have been consolidated on appeal. These cases involved bond forfeiture judgments against the same surety, International Fidelity Insurance Company, the appellant in this case. The surety appeals a trial court decision in favor of the State concluding that the surety was incorrect in relying upon the minute entry of the district clerk of court which indicated that each of the three criminal cases was dismissed by motion of the Office of the District Attorney. The basic issue involved is whether the bonding company was reasonable in relying on admittedly erroneous court minutes *165 reflecting a dismissal by written motion to relieve it of its liability. The trial court denied the motion to set aside each bond forfeiture judgment. The surety herein appeals. For the following reasons, we affirm.
FACTS
Appellant is the agent and commercial surety for each principal and original defendant in these consolidated matters. In each instance, appellant placed a commercial bond with the trial court on behalf of the principal/defendant so that they might be released from jail subsequent to arrest. In each instance, the principal and original defendant failed to appear in keeping with the terms of the bond. As a result, bond forfeiture judgments were properly rendered and signed. However, the minute clerk made an error in recording the minutes by stating that all filings in some fourteen cases were dismissals, where only the first five were dismissals. Appellants allegedly relied upon the minute entry of the district clerk of court which indicated that each of the three criminal cases, now at issue before this court, had been dismissed by motion of the district attorney’s office. According to the appellant, it relied upon the minutes of the court to its detriment. Appellant claims that based upon the minute entry of dismissal, appellant believed that it had been released from any obligation under these bonds. The trial court 12denied the motion to set aside each bond forfeiture by written judgment. Appellant herein appeals.
DISCUSSION
By assignment of error, appellant alleges that the trial court erred in its ruling that appellant was incorrect in relying upon the minute entry of the district clerk of court which indicated that each of three criminal cases had been dismissed by motion of the district attorney’s office. Appellant argues that it relied upon the minutes of the trial court to its detriment. We disagree.
A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are reasonable. To reverse a fact finder’s determination, the appellate court must conclude that a reasonable factual basis for the finding of the trial court does not exist in the record. Stobart v. State Dept. of Transp. & Development, 617 So.2d 880 (La.1993). The task of a reviewing court is to assess whether the fact finder’s resolution of conflicting evidence was reasonable in light of the entire record. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511.
Three essential elements must be proven to prevail on a claim for detrimental reliance:
1. A representation by action or word;
2. Justifiable reliance on the representation; and
3. A change in position to one’s detriment because of the reliance.
First Federal Savings & Loan v. American Bank & Trust Co., Coushatta, 461 So.2d 341 (La.App. 2d Cir.1984); Confederate Welding & Safety Supply v. Bank of the Mid-South, 458 So.2d 1370 (La.App. 2d Cir.1984) unit denied, 462 So.2d 1264 (La.1985).
|HIn this case, the appellant contends that facts were stipulated at the hearing. However, we find no evidence of such stipulations. Accordingly, there is no evidence as to whether the bonding company’s agent ever actually inspected the minutes. Moreover, there is no evidence regarding when that inspection might have been conducted. As a result, while representations were made, there is no proof that the appellant relied to its detriment on the minutes, or that the minutes prejudiced the agent in locating the defendants. *166 We find that appellant’s assignment of error fails for lack of proof.
Based on the record, we also believe that the bonding company had a duty to investigate further. There appear to be two minute entries on November 30, 1998. One entry shows that the cases were dismissed per written notice. The other entry shows that judgments of bond forfeiture were signed and filed. Therefore, we believe that if the bonding agent had checked the minutes of November 30, 1998, the record indicates that he would have noticed a discrepancy therein. Indeed, he had already received a notice of bond forfeiture prior to checking the minutes. We find that the appellant chose to rely upon an error in the court minutes without engaging in even a cursory review of the record.
CONCLUSION
For the reasons just discussed, we hereby affirm the trial court’s decision. Costs of this appeal are assessed against the defendant.
AFFIRMED.