B GASKINS, J.
In this suit arising from an auto collision, defendant driver J’Toibre Y. Jones and her insurer, USAgencies Casualty Insurance Company, appeal from a quantum award in favor of plaintiff Eddie Kaffen-berger. We affirm the judgment of the trial court.
FACTS
On November 1, 1997, Eddie and Cora Kaffenberger were leaving a hospital where their son was recovering from injuries he received in a serious auto accident. Mr. Kaffenberger, age 61, was driving, and his wife was in the front passenger seat. A car driven by J’Toibre Y. Jones ran a red light and struck the passenger side of the Kaffenberger vehicle.
Both of the Kaffenbergers received soft tissue injuries. Several days after the accident, they sought medical attention. Mr. Kaffenberger went to see Dr. Douglas Brown, an orthopedic surgeon who was already treating him for problems with his left shoulder and thumb. Dr. Brown diagnosed an aggravation of Mr. Kaffenber-ger’s preexisting shoulder condition and treated him for this aggravation for the next eight months.
The Kaffenbergers sued Ms. Jones and her insurer. Prior to trial, the parties stipulated that the accident was caused by the sole fault of Ms. Jones, that USAgen-cies provided insurance covering the accident in the amount of $10,000.00/$20, 000.00, and that the plaintiffs waived any excess judgment against Ms. Jones. A bench trial on quantum was held in September 1999. Mrs. Kaffenberger was awarded $750.00 in general damages for her injuries, $250.00 for loss of consortium, and special damages of $69.78. Mr. Kaf-fenberger was awarded $6,500.00 in general damages for the aggravation of his preexisting condition. He also received $2,133.10 in special damages for the following expenses: $1,389.00, doctor’s bill; $558.10, medication; and $186.00, travel ^expenses to receive medical treatment. In total, Mr. Kaffenberger was awarded $8,633.10.
The defendants appeal the award to Mr. Kaffenberger as excessive.
LAW
General damages are those which may not be fixed with pecuniary exactitude. A trier of fact has great discretion in fixing general damages. A trial court’s award of general damages should not be overturned by a reviewing court absent an abuse of discretion. Greene v. *694 Fox Crossing, Inc., 32,774 (La.App.2d Cir.3/1/00), 754 So.2d 339, writ denied, 2000-0944 (La.5/26/00), 762 So.2d 1108. When damages are insusceptible of precise measurement, much discretion is left to the trial court for the reasonable assessment of these damages. La. C.C. art. 1999. An appellate court should rarely disturb an award for general damages. Only if an award is first found to be inadequate or excessive on the facts of the particular case may the appellate court refer to the awards in “similar” cases. Greene v. Fox Crossing, Inc., supra
The plaintiff has the burden of proving by a preponderance of the evidence a causal connection between the accident and injuries. Tobin v. Wal-Mart Stores, Inc., 575 So.2d 946 (La.App. 2d Cir.1991), writ denied, 580 So.2d 923 (La.1991). The plaintiff satisfies this burden by proving through medical and lay testimony that it was more probable than not that the injury was caused by the accident. O’Riley v. City of Shreveport, 30,107 (La.App.2d Cir.1/23/98), 706 So.2d 213, writ denied, 98-0752 (La.5/1/98), 718 So.2d 418. A defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct. Hickman v. Exide, Inc., 28,495 (La.App.2d Cir.8/21/96), 679 So.2d 527. When the defendant’s negligent action aggravates a preexisting condition, he must compensate the victim for the full extent of the aggravation. O'Riley v. City of Shreveport, supra; Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511.
A plaintiffs recovery of medical charges must be confined to those expenses related to the accident. Harper v. Garcia, 32,142 (La.App.2d Cir.8/18/99), 739 So.2d 996; Beasley v. Yokem Toyota, 33,-805 (La.App.2d Cir.8/23/00), 767 So.2d 149.
A trial court’s factual findings are accorded great weight and may not be disturbed by a reviewing court in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989).
DISCUSSION
The defendants contend that the award to Mr. Kaffenberger was abusively high. They argue that general damages of $2,500.00 would adequately compensate Mr. Kaffenberger for the aggravation of his preexisting condition.
The testimony of the Kaffenbergers and Dr. Brown demonstrated that Mr. Kaffen-berger suffered an aggravation of his preexisting shoulder condition which lasted for several months. The trial court accepted their testimony. This aggravation, characterized by Dr. Brown as “mild,” somewhat restricted Mr. Kaffenberger’s activities and increased both his level of pain and his sleeplessness. The evidence indicates that this period of aggravation lasted about eight months. While Mr. Kaffenberger would have undoubtedly seen Dr. Brown during this period for treatment of the preexisting condition, he was also required to seek treatment for the condition’s aggravation which was caused by Ms. Jones’ negligence. As the law clearly states, the defendants “take their victim as they find him.”
Our careful review of the facts of the present case reveals that the amount awarded by the trial court was well within its discretion. We discern no error.
I ¿CONCLUSION
The judgment of the trial court is affirmed. Costs are assessed against the defendants/appellants.
AFFIRMED.