STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-125

GOLDEN BROUSSARD

VERSUS

OAK TRACE APARTMENTS, ET AL.

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2009-1052
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

************

PHYLLIS M. KEATY
JUDGE

************

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

AFFIRMED IN PART, AMENDED IN
PART, AND AFFIRMED AS AMENDED.

J. Brent Barry
Edward J. Milligan, Jr.
Attorneys at Law
Post Office Box 82294
Lafayette, Louisiana  70508
(337) 237-6491
Counsel for Defendants/Appellants:
        Keo Hadsdy
        Lee Gautreaux
        Ko Ounsamone
        Oak Trace Apartments

Aaron J. Allen
Attorney at Law
Post Office Box 4405
Lafayette, Louisiana  70502
(337) 237-1000
Counsel for Plaintiff/Appellee:
        Golden Broussard

**KEATY, Judge.**

This litigation arises out of an incident in which plaintiff tripped and fell on a stairwell in her apartment complex, breaking her ankle in two places. Plaintiff sued for damages, naming the apartment complex, the two property owners, and the maintenance manager as joint defendants. The trial court, sitting without a jury, found in favor of plaintiff. This is an appeal by the defendants from the judgment against them. We are called upon to determine whether the trial court committed manifest error in finding that there was a causal relationship between the condition of the stairway and plaintiff's injury and whether the trial court was manifestly erroneous in awarding damages absent a factual basis in the record.

### FACTS

Plaintiff, Golden Broussard (Broussard), tripped and fell on a staircase in Oak Trace Apartment Complex at approximately 5:30 a.m. on March 22, 2008, as she was leaving her home to go to work. Broussard recalled that her ankle hurt badly immediately after falling. At work, she called a relative to take her to the E.R., where it was determined that she had broken her ankle in two places. She was on crutches, missed work, and ultimately had to have surgery on her ankle a week later. Broussard was unable to work for approximately two and a half months.

When she returned home from the hospital on March 22, she called Lee Gautreaux, property manager for the apartment complex, and told him about her injury, stating that she wanted to file a claim with their insurance. Subsequently, she wrote a description of the accident for Gautreaux.

In July 2008, Broussard was in a car accident that aggravated her ankle injury and caused her to experience new pain for about two months. She went to the doctor and also missed work as a result of that accident.

1

Because of the March 22 accident and subsequent surgery, Broussard was no longer able to perform her job duties as supervisor of housekeeping and had to take a desk job as a night auditor instead. She can no longer walk on the treadmill three times a week, she experiences chronic pain, and she is scared, on a daily basis, of falling again.

## PROCEDURAL HISTORY

Broussard filed suit against five defendants: Oak Trace Apartments; the owners of the building she lived in, Keo J. Hadsdy and Ko Ounsamone; and the property manager and his wife, Lee and Lisa[1] Gautreaux. Broussard sought damages as a result of her March 22 accident and subsequent surgery.

A bench trial was held on September 27 and 28, 2010. At the close of the trial, the trial court took the matter under advisement, pending post-trial briefs by counsel. On December 6, 2010, the trial court issued a judgment finding in favor of plaintiff and against defendants, *in solido*, in the amount of $77,109.51, representing $18,774.35 in medical expenses, $8,335.16 in lost wages, and $50,000.00 in general damages.

In its reasons for ruling, the trial court found that Broussard was credible. It further found that she was a tenant of Oak Trace Apartments, that more probably than not, the landing and lack of lighting in the area were the cause of the accident, and that these conditions existed for a significant period of time before the accident. The trial court found that the condition of the landing and the lack of lighting were unreasonably dangerous, that defendants knew or should have known of the

---

[1]At trial, Lisa Gautreaux was dismissed from the instant suit. The judgment subsequently rendered was against Lee Gautreaux, Keo J. Hadsdy, and Ko Ounsamone only.

dangerous conditions, and that defendants were liable to Broussard for her injuries sustained as a result of the March 22 accident.

Defendants appeal, asserting two assignments of error: that the trial court was manifestly erroneous in finding a causal relationship between the stairway and the plaintiff's injury, as the record lacks any reasonable factual basis to support that finding, and that the trial court was manifestly erroneous in awarding damages for which there is no factual basis in the record.

## DISCUSSION

### Causation

Defendants assert that the trial court was manifestly erroneous in finding that the stairway and lack of lighting more probably than not caused plaintiff to trip, fall, and injure herself. They assert that there is no reasonable factual basis to support the trial court's finding in the record. A "question of cause-in-fact involves a factual determination." *Todd v. State through Dep't of Soc. Servs., Office of Cmty. Servs.*, 96-3090, p. 6 (La. 9/9/97), 699 So.2d 35, 39. We will not reverse a trial court's finding of fact absent a clear showing of manifest error. *See Rosell v. Esco*, 549 So.2d 840 (La.1989).

The trial court found Broussard to be credible. Additionally, the trial court found "that, more probable than not, the condition of the landing and the lack of lighting in the area were the cause of the accident, and these conditions existed for a significant period of time prior to the accident."

At trial, Broussard testified that the lights in her building had never worked and that they were not working on the day of the accident. She further testified that it was dark outside that morning and that, although she could see a little, a brick wall at the

3

base of the stairway made it harder to see in that location. Broussard stated that although she did not notice or look for any defect in the property before or immediately after she fell, she did notice two pieces of concrete at the bottom of the step when she returned home from the hospital later that day and thought that those must have been what she tripped on. She testified that this stairway was the only way to get to or from her apartment.

Lee Gautreaux testified that he had done work on Broussard's staircase in February of 2008. Although he opined that the staircase had no defect at the time Broussard fell, the trial court chose to believe Broussard over Gautreaux. Gautreaux further testified that he had replaced light bulbs in the buildings before but that he seldom went to the buildings at night, so generally he would only know that a light was out if a resident complained.

After carefully reviewing the record, we find that the trial court did not commit manifest error in finding that the condition of the stairway and the lack of lighting caused Broussard to trip, fall, and break her ankle.

*Damages*

The trial court awarded a total of $77,109.51 in damages, representing $18,774.35 in medical expenses and $8,335.16 in lost wages, both special damages, and $50,000.00 in general damages. Defendants assert that the damage awards are not supported by the record, making them unreasonable and erroneous. "'Special damages are damages which can be established with reasonable mathematical certainty.'" *Jimmerson v. Rearden*, 98-1120, p. 3 (La.App. 3 Cir. 3/3/99), 736 So.2d 916, 919 (quoting *Myers v. Broussard*, 96-1634 (La.App. 3 Cir. 5/21/97), 696 So.2d 88). Alternatively, "[g]eneral damages are those that may not be fixed with pecuniary

4

exactitude. Such damages involve mental or physical pain or suffering, inconvenience, the loss of physical enjoyment, or other losses of life or lifestyle that cannot be definitively measured in monetary terms." *Wright v. Wal-Mart Stores, Inc.*, 31-764, p. 4 (La.App. 2 Cir. 5/5/99), 737 So.2d 153, 156.

"Before an appellate court can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making its award." *Borden, Inc. v. Howard Trucking Co., Inc.*, 454 So.2d 1081, 1092 (La.1983). "On the other hand, in a suit for damages, it is the plaintiff's burden to prove the damage he suffered as a result of defendant's fault, and to support an award there must be evidence in the record." *Id*.

### A.  Medical Expenses

Defendants appeal the award of medical expenses granted by the trial court, because "the amount awarded for the medical expenses is unsupported, since the plaintiff failed to prove that the injury was related to any defect on the stairwell at Oak Trace."

We previously noted that we find no manifest error in the trial court's finding that the condition of the stairwell caused Broussard to fall on the stairs and injure her ankle.  Having found in favor of plaintiff concerning causation, we need not further address the issue of medical expenses, as the defendants' argument against the grant of medical expenses centered on the supposed lack of causation.  In finding that the trial court did not err in finding a causal link between the condition of the stairwell and Broussard's subsequent fall and injury, we find defendants' argument without merit.

5

## B. Lost Wages

> Under Louisiana jurisprudence, damages for lost wages may be established by any proof which reasonably establishes the claim, including the plaintiff's own reasonable testimony. While claims for past lost wages must be established with some degree of certainty, they need not be proven with mathematical certainty, but only by such proof as reasonably establishes the plaintiff's claim. This award may be supported by the plaintiff's detailed and uncorroborated testimony.

*Smith v. Ebey*, 04-889, pp. 6-7 (La.App. 3 Cir. 12/29/04), 896 So.2d 143, 148.

In the instant case, plaintiff testified that she earned about $500.00, including overtime, each week before the March 22 accident. She testified that she was out of work until June or July 2008, and the record contains a medical release from her doctor allowing her to return to work on June 9, 2008. Thus, plaintiff was out of work approximately twelve weeks due to the March 22 accident. She also testified that she had to cash in on her vacation and sick leave.[2] Plaintiff further testified that she was out of work for a while after the July 2008 car accident. Her tax returns indicate that she earned about $6,600.00 less in 2008 than she earned in 2007.

Although plaintiff testified that she believed her lost wages were between eight and nine thousand dollars for the March 22 accident, the record does not support that conclusion. Even if the trial court failed to take into consideration her testimony that she missed work for the July 2008 accident, Broussard's tax returns show a loss of wages for 2008 totaling only $6,600.00. Her self-serving testimony that she earned $500.00 per week, coupled with the medical release slip from her doctor, would support an award of no more than $6,000.00. Nevertheless, the trial court awarded Broussard $8,335.16 in lost wages. We find that this award is not supported by the record and, therefore, was an abuse of its discretion. We reduce this award to

---

[2]A review of the evidence submitted shows that this value was $209.60.

6

$6,600.00, representing the highest award that could possibly be supported by the record.

### C. <u>General Damages</u>

The trial court awarded Broussard $50,000.00 in general damages. Vast discretion is given to the trial court in fixing general damage awards. *Dufrene v. Gautreau Family, LLC*, 07-467 (La.App. 5 Cir. 2/22/08), 980 So.2d 68, *writs denied*, 08-629 (La. 5/9/08), 980 So.2d 694, and 08-628 (La. 5/9/08), 980 So.2d 698. In reviewing the award, appellate courts need to look at the facts and circumstances of the individual case, taking into consideration the particular effects of particular injuries on particular plaintiffs. *Sagona v. Harris*, 97-129 (La.App. 4 Cir. 6/18/97), 696 So.2d 595, *writ denied*, 97-1902 (La. 10/31/97), 703 So.2d 28.

In the instant case, Broussard tripped and fell, breaking her ankle in two places. She testified that it hurt when she fell and that it still hurt on the day of trial. She testified that she had to have surgery on her ankle, despite not wanting to have surgery; that she had to take prescription pain medicine despite her aversion to taking anything stronger than Tylenol or Advil; that she had to walk on crutches and wear a boot; and that she is no longer able to do things she used to do, such as housekeeper duties or walking on a treadmill. She testified that she is afraid of falling down the stairs again and that she has a scar on her ankle that embarrasses her. Her doctor stated in his deposition that she will likely develop arthritis in the future.

Taking into consideration all of the foregoing, we find that the trial court did not abuse its discretion in awarding Broussard $50,000.00 in general damages, given the necessity of a surgery she did not want to have, evidence of her chronic pain, daily fear of falling, inability to do things she could do before the accident, and the

statement by her doctor that she will probably develop arthritis in the future because of the accident.

## DECREE

For the foregoing reasons, we affirm the trial court's finding that a causal link existed between the condition of the staircase and lack of adequate lighting and Broussard's accident, and we affirm it's award of general damages in the amount of $50,000.00. Because the amount was not supported by the record, we reduce the award for lost wages to $6,600.00. Costs of this appeal are taxed to defendants.

**AFFIRMED IN PART, AMENDED IN PART, AND AFFIRMED AS AMENDED.**

8