GULOTTA, Judge.
Plaintiffs, owners of a building, seek recovery for reduction in value of the building, loss of business and $150.00 damage to the plaintiffs’ sidewalk which resulted when the building was struck by a backhoe tractor owned by defendant B & E Truck Service, Inc. and leased to defendant Cardinal Construction Company, Inc. After trial on the merits, during which defendants rested without offering any evidence, the trial judge awarded to each plaintiff the sum of $150.00 for the cost of the sidewalk repairs.
On October 17, 1974, a backhoe collided with the side of plaintiffs’ brick building located at 1465 North Broad in the City of New Orleans. When a representative of plaintiffs, John W. Dussouy, Jr., arrived on the scene during the night, he found the machine running and the key in the ignition. After the engine was stopped, the *1123 key was placed in the possession of Dus-souy.
On the following morning, a superintendent for Cardinal Construction Company and a man who identified himself as an employee of B & E Equipment who operated the backhoe appeared at the office of J. W. Dussouy Company, Inc., obtained the key and removed the machine. The backhoe was being used in the erection of a filling station across the street from plaintiffs’ building. Cardinal Construction was the general contractor and B & E Truck Service was the subcontractor on this construction job. No evidence was offered at trial regarding who, if anyone, was operating the backhoe at the time it struck the building.
The impact created a hole in the side of the building and necessitated repairs in the sum of $2,419.91, paid by plaintiffs’ homeowner insurer. Replacement brick identical in color to the existing brick was unavailable and repairs were made using brick of a different color. Arthur J. Brandon, Jr., a building contractor who testified on behalf of plaintiffs, stated that the building could only be restored to its preaccident condition by replacing all the bricks at a cost of $16,355.94. John R. Komidor, an appraiser who testified on behalf of plaintiffs, stated that the value of the building following the accident was reduced by $9,600.00 as a result of the mismatched brick.
In this appeal, plaintiffs contend that the uncontradicted testimony of their witnesses indicated that the permanent loss in value of the building amounted to either $16,-355.94, the cost to rebrick the building, or $9,600.00, the depreciated value of the building resulting from the damage caused by the tractor. According to plaintiffs, this testimony was unrebutted and the trial court erred in failing to award to plaintiffs one of the two aforementioned amounts in damages.
Defendants, on the other hand, claim that plaintiffs failed to show by a preponderance of the evidence that they are liable for the damages to plaintiffs’ property. According to defendants, the only evidence relating to liability offered by plaintiffs was testimony that one of the plaintiffs was notified during the night by a police officer that the property was damaged and that a representative of one of the defendant companies appeared at plaintiffs’ office to obtain the key to the tractor which had been apparently placed in plaintiffs’ possession on the night of the occurrence. It is defendants’ position that this evidence standing alone is not sufficient to show negligence and causation on the part of defendants, nor is sufficient to establish or create an inference of negligence under the doctrine of res ipsa loquitur. We do not agree.
Well-settled, not requiring citation, is the rule that plaintiff is charged with the burden of proving negligence and causation by a preponderance of the evidence, either direct or circumstantial. In Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971), the Louisiana Supreme Court, in considering the test of sufficiency of evidence in a circumstantial evidence case, citing Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395 (1963), said:
“ * * * Whatever the descriptive term used, however, proof by direct or circumstantial evidence 'is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not.”
See also A & M Pest Control Service, Inc. v. Fejta Construction Co., Inc., 338 So.2d 946 (La.App. 4th Cir. 1976); Hanover Insurance Company v. Jacobson-Young, Inc., 294 So.2d 564 (La.App. 4th Cir. 1974).
When we consider the evidence offered by plaintiff on defendants’ negligence and causation, absent contradictory evidence, we find no error in the trial court’s conclusion that defendants are liable for the damage sustained by plaintiffs as a result of the backhoe’s striking the building.
We find no merit, however, to plaintiffs’ contention that the trial judge erred in failing to award any damages for loss of value to the building. The evidence considered, we conclude, as did the trial judge, that plaintiffs simply have not shown any loss in value.
*1124 Though it is true that Brandon testified that every brick in the building must be replaced in order to establish uniformity of color, this witness also stated that the replacement brick is of the same size as the existing brick and that there are no leaks or structural damage to the building as a result of the accident. He stated with the exception of the difference in color of the brick, the repairs to the building were properly and correctly made. Brandon’s testimony was that the $16,355.94 estimate was the cost to replace all the bricks in the building in order to restore uniformity of color of the brick. He did not testify as to the amount of loss in property value caused by the use of slightly different colored brick in the repairs.
The trial judge, in oral reasons at the conclusion of the testimony, stated:
“ * * * I don’t see any evidence to substantiate the plaintiff’s [sic] claim for any damage to the building other than what you have been reimbursed for. I can’t give you a judgment based on somebody’s estimate to put new bricks all around the building unless there is something showing that the building is depreciated. * * * ”
Though Komidor was accepted as an expert in appraisal, the trial judge rejected this witness’s estimate of $9,600.00 depreciation to the building as a result of the accident. We find no error on the part of the trial judge in not according any weight to this witness’s testimony. The reasons assigned by this appraiser for arriving at the depreciated figure were vague and unsupported. The trial judge properly concluded, “This figure of $9600.00 is something out of the air.”
In view of the well-settled rule that an expert’s opinion may be disregarded if he fails to support his opinion with reasons, we conclude the trial judge properly disregarded Komidor’s testimony. See Dixie Pipeline Company v. Barry, 227 So.2d 1 (La.App. 3d Cir. 1969), writ refused, 255 La. 145, 229 So.2d 731 (1970); State Department of Highways v. Ebrecht, 135 So.2d 624 (La.App. 1st Cir. 1961).
We point out that this suit is directed against the tortfeasors and not against the contractor who used brick of a slightly different color in the repairs, nor against the plaintiffs’ homeowner insurer who paid for the repairs and asserted a claim in subrogation against defendants. If plaintiffs had a claim for depreciation in value resulting from the use of different colored brick, it appears that this claim might properly have been asserted against the contractor making the repairs or against plaintiffs’ homeowner insurer who paid for the repairs at the time they were being made. Presumably a suit directed against the contractor and the insurer would have precipitated a third party action against the defendants resulting in litigation of the entire matter involving all parties and interests. The repairs have been completed. Plaintiffs failed to lodge a complaint regarding the quality or lack of workmanship of the repairs before they had been completed.
When we consider plaintiffs’ evidence on depreciation or loss of value, together with the fact that no complaint was lodged when the repairs were being made, we conclude the trial judge properly dismissed plaintiffs’ claim for damages for loss of value. The judgment is affirmed.

AFFIRMED.