1,WILLIAMS, Judge.
The defendants, Keith Higginbotham and Safeway Insurance Company (“Safeway”), appeal a judgment in favor of the plaintiff, North American Land Development. The trial court awarded plaintiff damages of $10,708.89, the cost of entirely replacing the brick of the damaged residence. For the following reasons, we affirm.
FACTS
On May 16, 1995, the defendant, Keith Higginbotham, was involved in an accident on the premises which he leased from the plaintiff. Upon driving onto the premises after work, defendant’s vehicle struck the house located at 1314 North McGuire Street in Monroe, Louisiana. The impact damaged sections of brick on the left and front outside walls of the residence. Subsequently, plaintiff filed a petition for damages against the defendants, Higginbotham and his insurer, Safeway, seeking the cost of entirely replacing the brick on the house, because an exact match of the particular type of brick originally used in construction of the residence could not be found.
After a trial, the district judge issued oral reasons for judgment, finding that repair of the damaged area would result in a noticeable difference in appearance between the new and existing brick, that this difference would affect the value of the property and therefore, the restoration cost was the price of entirely replacing the existing brick. The trial court rendered judgment awarding plaintiff damages of $10,000 plus legal interest from the date of judicial demand against defendants in soli-do, and damages of $708.89 with interest against Higginbotham individually. The defendants appeal the judgment.
DISCUSSION

Evidentiary Issue

The defendants contend the trial court erred in admitting into evidence | ¡.exhibit P-1, the estimate of the cost to replace all of the brick. Defendants argue that the estimate was not valid evidence to support the award of damages.
Generally, the trial court is accorded discretion concerning the admission or exclusion of evidence. A trial court’s decision to admit or exclude evidence will not be reversed absent an abuse of discretion. LSA-C.E. arts. 401-403; Dixon v. Winn-Dixie Louisiana, Inc., 93-1627 (La.App. 4th Cir. 5/17/94), 638 So.2d 306.
Here, Saul Hakim testified that he was manager of North American Land Development, the owner of the damaged residence. Hakim stated that he had prepared exhibit P-1, the estimate of the cost to replace the entire brick surface of the house, using amounts for labor costs and material prices that were consistent with figures provided by Safeway. Hakim testified that his job involved preparing estimates and supervising maintenance and construction of numerous housing units. After hearing several additional witnesses, the trial court admitted P-1 into evidence.
Although defendants objected to the admission of P-1, they did not present any *247 witnesses who questioned the accuracy of the figures used in the estimate. After reviewing the record, we cannot say the trial court abused its discretion in admitting the estimate into evidence. The assignment of error lacks merit.

Measure of Damages

The defendants contend the trial court erred in finding that the measure of damages was the cost to completely replace the existing brick. Defendants argue that the damaged area of the walls could be adequately repaired with a substitute brick and that the damage award should be reduced.
Every act of a person that causes damage to another obliges the one at fault to repair such damage. LSA-C.C. art. 2315. When property is damaged through the legal fault of another, the primary objective is to restore the property as nearly as possible to its condition immediately preceding the damage. Roman Catholic Church of Archdiocese of New Orleans v. Louisiana Gas Service Co., 618 So.2d 874 (La.1993). The measure of damages is the cost of restoring the property to its former condition, where the thing damaged can be adequately repaired. Coleman v. Victor, 326 So.2d 344 (La.1976).
A court of appeal should not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State Dept. of Transp. & Development, 617 So.2d 880 (La.1993). The task of a reviewing court is to assess whether the fact finder’s resolution of conflicting evidence was reasonable in light of the record as a whole. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511.
In the present case, John William Edmondson, whose job involves the commercial and architectural sale of brick and masonry products, testified that the type of brick originally installed on the house had been discontinued by the manufacturer. Edmondson stated that 600 bricks of the same size had been located, but that the color and texture of these bricks did not match those on the house. Edmondson testified that even if some of the original bricks could be salvaged and used with the substitute brick, the repaired area would appear noticeably different from the rest of the wall.
Sonny Day, a state-licensed building contractor, testified that although he did not prepare the estimate of the cost to entirely replace the brick walls admitted into evidence as Exhibit P-1, the amount listed was very close to his estimate of the job. Day stated that some of the existing bricks could be salvaged, but could not say how many because of possible breakage while cleaning. Day could not guarantee that a repair with the substitute brick would match the other walls.
A state-licensed real estate agent, Sharon Vaughn, testified that in her experience, if the repaired area looked noticeably different from the rest of the house, a potential buyer would be concerned that its appearance suggested possible 1 ¿structural damage. She stated that without matching brick, the sales price of the house would be lower. Robert Horton, a state-certified real estate appraiser, also testified that if the repair of the brick or mortar was a noticeably different color, the difference could cause buyer resistance and reduce the value of the house. Horton stated that he would recommend replacing all of the brick to alleviate any potential buyer resistance.
The defendants’ expert brick contractor, Ronnie Clark, testified that he had inspected the house and estimated that the cost of repairing the damaged area was $3,005. Clark opined that he could have blended the substitute bricks with the salvaged existing bricks so that the repaired area appeared similar to the remaining walls. However, Clark acknowledged that he could not guarantee that after such a repair the appearance of the repaired area would match that of the wall before the *248 damage occurred. Clark testified that m most instances, he would not attempt to reuse existing bricks for repair because of the labor involved in tearing down and cleaning the bricks.
In their brief, defendants cite Dussouy v. Fireman’s Fund Ins. Co., 346 So.2d 1122 (La.App. 4th Cir.1977), in an attempt to support their contention that plaintiff is not entitled to recover the cost of completely replacing the original brick. In Dussouy, a building was damaged by a backhoe tractor. After repairs were made using different colored bricks, the building owners sought recovery for permanent loss in the value of their property from the backhoe owner. Although the court found that the building owners failed to prove a loss in value in the amount of the cost to replace all the bricks in the structure, the court did not decide that property owners are limited to recovery of the cost of repairing the damaged area in all situations.
In our review of this matter, we are guided by the supreme court’s statement in Archdiocese of New Orleans, supra, that a person who sustains property damage lfidue to the fault of another is entitled to recover damages including the cost of restoration that may reasonably be incurred, unless such cost is disproportionate to the value of the property or is economically wasteful. Here, the evidence did not establish that the cost of replacing the brick was disproportionate to the value of the plaintiffs two-year-old house.
The trial court’ heard the testimony and weighed the credibility and relevant experience of the witnesses. Based upon this record, the trial court could reasonably have found that entirely replacing the brick was necessary in order to restore the property as nearly as possible to its condition immediately preceding the damage. Consequently, we cannot say the trial court erred in awarding the plaintiff the amount of $10,708.89 as property damages. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellants, Keith Higginbotham and Safeway Insurance Company.
AFFIRMED.